**Ex parte Gilbert Ochoa VASQUEZ, Jr., Applicant.**

**No. 69564.**

Court of Criminal Appeals of Texas, En Banc.

July 2, 1986.

Vasquez, pro se.

1. Article 42.08, supra, was amended effective September 1, 1985. See Article 42.08(a), V.A.C. C.P. (Supp.1986). However, Article 42.08, V.A.

Robert Huttash, State's Atty., Austin, for State.

**OPINION**

W.C. DAVIS, Judge.

This is a post conviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant alleges that the sentences involved were illegally cumulated by the trial judge. We agree.

Applicant was convicted of aggravated assault in cause no. A8075 and sentenced on February 2, 1982 to twenty years' incarceration in the Texas Department of Corrections. On March 30, 1982, applicant was convicted of aggravated assault in cause no. A8076. The trial judge pronounced sentence at five years' incarceration. After sentence was pronounced appellant gave oral notice of appeal. On April 2, 1982, upon motion of the State, the trial judge cumulated the sentences ordering that the sentence imposed in cause no. A8076 begin after the sentence in cause no. A8075 had ceased to operate.

Article 42.08, V.A.C.C.P. reads:

When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment shall be *pronounced* in each case in the same manner as if there had been but one conviction except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly. (emphasis added) [1]

C.C.P. (1979) was in effect at the time of applicant's conviction and sentencing.

By the very wording of the statute it is the time of pronouncing sentence that controls. Therefore, if the court's discretion is to be exercised as the statute provides it must be done at the time of pronouncement of sentence.[2]

For the reason stated, the order of cumulation entered in cause no. A8076 is set aside, and a copy of this opinion will be delivered to the director of the Texas Department of Corrections. The relief requested is granted.

ONION, P.J., not participating.

---

**2.** In *Ex Parte Voelkel,* 517 S.W.2d 291 (Tex.Cr. App.1975) the petitioner was twice convicted of embezzlement, once on October 18, 1971 and once on April 1, 1974. The trial judge pronounced sentence for the second conviction on April 23, 1974. Nothing was said about cumulation and the petitioner did not give notice of appeal. On April 24, 1974, the trial judge "set aside" the sentence pronounced the day before and ordered that the sentence be cumulated with the first sentence imposed on the October, 1971 conviction. The Court, citing *Ex Parte*

*Reynolds,* 462 S.W.2d 605 (Tex.Cr.App.1970), determined that, because no notice of appeal was given after pronouncement of sentence on April 23rd, the petitioner began serving that sentence and the court was prohibited from adding a cumulation order.

In light of the wording of the statute, whether or not the petitioner gave notice of appeal does not matter. The trial judge must cumulate the sentences at the time of pronouncement of the subsequent sentence or not at all.