In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-102 CR


______________________


 

DARRELL WAYLAND NICHOLS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 96703






MEMORANDUM OPINION


 Darrell Wayland Nichols pled guilty without a plea bargain to the offense of burglary-of-a-building. The trial court found him guilty and sentenced him to one year in a state jail
facility. With a single issue, he appeals his conviction. (1) 

 Nichols was indicted for five other burglary-of-a-building offenses that, like the
instant offense, occurred between May 2005 and December 2005. The final sentencing in
each of the six cases occurred on the same day; each case was called separately. 

 Nichols challenges the trial court's "stacking" order at the sentencing hearing, which
involves the instant case and Nichols' five other burglary-of-a-building convictions. He
argues the sentence in the instant case (trial cause number 96703) should run concurrently
with the sentences in trial cause numbers 95172, 95589, 96349, and 96702. (2)
 The trial court's
oral pronouncements at the sentencing hearing are set out below:

 [TRIAL JUDGE:] The Court having adjudicated Mr. Nichols guilty [in trial
cause number 96349], the Court assesses punishment at confinement in a state
jail facility for a term of one year. Having assessed punishment, you're hereby
sentenced to serve one year. 

 This sentence in Cause No. 96349 shall run concurrent with Mr.
Nichols' sentence in Cause Nos. 95589, 95172. 

 . . . .

 Having adjudicated Mr. Nichols guilty [in trial cause number 96702], the
Court assesses punishment at confinement in a state jail facility for a term of
one year. Having assessed his punishment, he's hereby sentenced to serve one
year in a state jail facility.

 . . . .

 Having assessed his punishment, Mr. Nichols is hereby sentenced to serve one
year. This sentence in Cause No. 96702 shall run concurrent with Mr.
Nichols' sentences in cause numbers 95172, 95589, 96349.

 . . . .

 Having adjudicated you guilty [in trial cause number 96055], the Court
assesses your punishment at confinement in a state jail facility for a term of
one year. . . . This judgment and sentence in Cause No. 96055 shall run
consecutive with your conviction and sentence in Cause Nos. 96702, 95172,
95589, 96349. 

 . . . . 

 Therefore, based on the evidence, the Court at this time adjudicates you,
Darrell Nichols guilty of the felony offense of burglary of a building [in trial
cause number 96703]. Having adjudicated you guilty, the Court assesses your
punishment at confinement in a state jail facility for a term of one year. . . .

 This judgment and sentence in Cause No. 96703 shall run consecutive
with your conviction and sentence in Cause No. 96055.


The written judgment states as follows: 


 This sentence shall run consecutive to the case specified below[.]

 . . . .

 Cumulation Order (Art. 42.01, Sec.1(19) CCP): The court orders that the
sentence in this conviction shall run consecutively and shall begin only when
the judgment and sentence in cause(s) 96055 for the offense of burglary of a
building, out of the Criminal District Court of Jefferson County, TX has
ceased to operate. 

 (Emphasis in original).


A trial court's pronouncement of sentence is oral; the judgment, including the sentence
assessed, is merely the written declaration and embodiment of that oral pronouncement. Ex
parte Madding, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). The trial court had statutory
authority and discretion to decide whether Nichols' one year sentence in trial cause number
96703 should be served concurrently with or consecutively to the sentences in the five other
convictions. See Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006); Ex parte
Madding,70 S.W.3d at 136. If the trial judge decides to "stack" a defendant's sentences so
that they run consecutively, he must make such an order at the time and place that sentence
is orally pronounced. Ex parte Madding, 70 S.W.3d at 136 (citing Ex parte Vasquez, 712
S.W.2d 754, 755 (Tex. Crim. App. 1986). The "trial court does not have statutory authority
or discretion to orally pronounce one sentence in front of the defendant, but enter a different
sentence in his written judgment, outside the defendant's presence." Id. 

 In open court in Nichols' presence, the trial judge took each case separately, found 
Nichols guilty in each case, sentenced him in each case, and pronounced whether the
sentences would run concurrently or consecutively. See Tex. Code Crim. Proc. Ann. art.
42.03, § (1)(a) (Vernon 2006). The oral pronouncement of judgment is clear. Four of the
sentences -- trial cause numbers 95172, 95589, 96349, and 96702 -- are to run concurrently. 
The sentence in trial cause number 96055 is to run consecutively to the four that are running
concurrently. The sentence in the instant case (trial cause number 96703) is to run
consecutively to the sentence in trial cause number 96055. The oral pronouncements were
neither ambiguous nor in conflict with the written judgment. 

 We overrule appellant's issue and affirm the judgment.




 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on January 10, 2007

Opinion Delivered January 31, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, J.J
1. Nichols' counsel filed a brief on the merits in this case (trial cause number 96703). 
Subsequently, Nichols filed a pro se brief challenging this conviction and five others. 
Appellant is not entitled to present his own issue on appeal when his counsel has submitted
a brief on the merits--a situation termed "hybrid" representation. See Patrick v. State, 906
S.W.2d 481, 498 (Tex. Crim. App. 1995); see also Ex parte Taylor, 36 S.W.3d 883, 887
(Tex. Crim. App. 2001). Consequently, we consider only the appellate brief filed by
Nichols' attorney. See Rudd v. State, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981). 
2. Appellant asserts that the written judgment does not specify which sentence the
sentence in trial cause number 96703 shall run consecutively to. However, the judgment
expressly states number 96703 shall run consecutively to number 96055.