

## NUMBER 13-11-00059-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ROBERTO GONZALEZ A/K/A ROBERT
REYNA GONZALEZ,                                          Appellant,

v.

THE STATE OF TEXAS,                                       Appellee.

## On appeal from the 156th District Court
## of Bee County, Texas.

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Garza
## Memorandum Opinion by Chief Justice Valdez

Appellant, Roberto Gonzalez a/k/a Robert Reyna Gonzalez, pursuant to a plea agreement with the State, pleaded guilty to one count of attempted aggravated assault and one count of attempted indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 15.01 (West 2003), §§ 21.11, 22.021 (West Supp. 2010). The trial court deferred adjudication and placed Gonzalez on community supervision for a period of ten years. Subsequently, the trial court revoked Gonzalez's community supervision and

imposed sentences of five years' confinement for each count. By three issues, Gonzalez contends: (1) the trial court should have, sua sponte, withdrawn Gonzalez's plea of "true" to the State's allegations at the revocation hearing; (2) the trial court violated his due process rights by cumulating the sentences in the judgment; and (3) the trial court lacked the statutory authority to cumulate the sentences in this case. We modify and affirm the judgment as modified.

## I.    BACKGROUND

On August 31, 2010, the State filed a motion to revoke Gonzalez's community supervision alleging, among other things, that Gonzalez had violated the terms and conditions of community supervision by failing to complete sex offender treatment. At the revocation hearing, the trial court informed Gonzalez that if it determined that he had violated the terms of community supervision, the trial court could revoke his community supervision, and that the range of punishment was two to twenty years' confinement for the attempted aggravated assault and two to ten years for the attempted indecency with a child by contact. Gonzalez stated that he understood the range of punishment. Gonzalez also stated that he understood the terms of his community supervision and that the State had filed a motion to revoke the community supervision. Gonzalez informed the trial court that he understood that the State had filed the motion to revoke because it claimed that he was "[n]ot going to class."

Gonzalez then pleaded "true" to the State's allegations that he had failed to attend and complete the Sex Offender Therapy Program. The trial court admitted State's Exhibit 2, a stipulation of evidence signed by Gonzalez judicially confessing to "All facts and allegations regarding the violations of [his] community supervision" as described by Keane Monroe, a probation officer, in an affidavit attached as "Exhibit A" to

2

his stipulations.[1]  In the affidavit, Monroe stated that Gonzalez had failed to attend and complete the Sex Offender Therapy Program as ordered by the terms of his community supervision.  Gonzalez told the trial court that his attorney explained the stipulation of evidence to him and that he understood that he was admitting that he did "something wrong."  The trial court then accepted Gonzalez's plea of "true" and found the allegations to be true.

The trial court heard evidence from Monroe that Gonzalez had missed eleven sessions of therapy.  However, on two of those occasions, Gonzalez showed up for his therapy session, but could not pay and was turned away.  After hearing the evidence, the trial court revoked Gonzalez's community supervision and orally pronounced a sentence of two five-year terms to run concurrently.  The judgment, however, states that the terms are to run consecutively.  This appeal ensued.

## II.    WITHDRAWAL OF PLEA OF TRUE

We review the trial court's decision to revoke a defendant's community supervision under an abuse of discretion standard.  *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1997, no pet.).  We review the evidence presented at the revocation hearing in the light most favorable to the trial court's ruling.  *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.).  A plea of "true" standing alone is sufficient to support revocation of community supervision.  *Id.*

By his first issue, Gonzalez contends that the trial court should have sua sponte withdrawn his plea of true.  Gonzalez argues that he did not fail to attend his therapy

---

[1] Gonzalez stated in his stipulation of evidence that Monroe's affidavit is "marked as Exhibit A and incorporated herein and made a part hereof for all purposes."

3

sessions because he attended "over 60 out of approximately 75 therapy sessions," he was "refused treatment on two occasions because of his inability to pay for the treatments," and he did not own a car. Gonzalez reasons that it is "unjust" to find that he violated the terms of community supervision under these circumstances.

We are not persuaded by Gonzalez's arguments. Here, Gonzalez pleaded "true" to failing to attend and complete the sex offender therapy sessions. Gonzalez's plea of true standing alone was sufficient to support the trial court's finding that Gonzalez had violated the terms and conditions of community supervision. *See Jones*, 112 S.W.3d at 268. Gonzalez cites no authority, and we find none, requiring a trial court to sua sponte withdraw a plea of "true" at a revocation hearing.[2] *See Gutierrez v. State*, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003) (en banc) (setting out that the legislature has not authorized in the context of revocation proceedings a right for a defendant to withdraw a plea of "true"); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979) ("[T]here is no duty upon a trial court to withdraw a plea of true in a revocation of probation proceeding even if a probationer presents a defensive issue."). Moreover, although Monroe acknowledged that Gonzalez was refused treatment for two therapy sessions due to lack of payment, Monroe testified that Gonzalez failed to attend nine therapy sessions.[3]

---

[2] Gonzalez claims that *Moon v. State*, 572 S.W.2d 681, 681 (Tex. Crim. App. 1978), stands for the proposition that before accepting a plea of "true" at a revocation hearing, the trial court must "consider the evidence submitted" and "may find the State's allegations to be not true," despite the defendant's plea of "true." *Moon* does not pertain to a revocation hearing or a defendant's plea of true. Instead, the court in *Moon* "held that when the defendant waives a jury trial and pleads guilty to the trial court, the trial court has no duty to withdraw the plea sua sponte even if the evidence raises defensive issues." *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). Therefore, *Moon* is inapplicable to our analysis.

[3] At the revocation hearing, defense counsel, in closing argument, stated that Gonzalez had missed nine sessions.

4

Therefore, viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the trial court did not abuse its discretion by not sua sponte withdrawing Gonzalez's plea of true and by finding that Gonzalez violated the terms of community supervision by failing to attend the sex offender therapy sessions. *See Herrera*, 951 S.W.2d at 199 ("[A] single violation of a condition of community supervision is sufficient to support the trial court's decision to revoke."). We overrule Gonzalez's first issue.

## III. CUMULATIVE SENTENCES

By his second and third issues, which Gonzalez has briefed as one, he contends that the trial court violated his "right to due process in issuing a written judgment cumulating the sentences in this case when concurrent sentences had been orally pronounced in court," and "[t]he trial court lacked any statutory authority to cumulate the sentences in this case." The State concedes that Gonzalez's second and third issues are meritorious and requests that we modify the judgment.

"A trial court's pronouncement of sentence is oral, while the written judgment, including the sentence assessed, is merely the embodiment of that oral pronouncement." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Therefore, when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). A trial court that wishes to impose cumulative sentences must make such an order at the time and place that sentence is orally pronounced. *Madding*, 70 S.W.3d at 136; *Ex parte Vasquez*, 712 S.W.2d 754, 755 (Tex. Crim. App. 1986). "A trial court does not have discretion or the statutory authority to orally pronounce one sentence in

5

front of the defendant, but enter a different sentence in its written judgment, outside the defendant's presence." *Madding*, 70 S.W.3d at 136.

The record reflects that at the revocation hearing, the trial court orally pronounced that Gonzalez's sentences of five years for each count would run concurrently. However, the written judgment states that the two sentences were to run consecutively. We conclude that Gonzalez's due process rights were violated because the trial court did not have the statutory authority or discretion to orally pronounce one sentence and enter a different sentence in its written judgment. *See id.* at 136-37 (concluding that the judgment cumulating the sentences after oral pronouncement that sentences would run concurrent violated the appellant's right to due process and modifying judgment to reflect that the sentences run concurrently). We sustain Gonzalez's second and third issues. *See id.* Accordingly, we modify the judgment to reflect that the sentences run concurrently. *See* TEX. R. APP. P. 43.2(b); *Madding*, 70 S.W.3d at 136-37; *see also French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) ("[A]n appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source.").

## IV.   CONCLUSION

We affirm the judgment as modified.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
21st day of July, 2011.

6