NUMBER 13-11-00059-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

                                  CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ROBERTO GONZALEZ A/K/A ROBERT

REYNA GONZALEZ,                                                                    Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                
Appellee.

 

 



On appeal from the 156th District
Court

of Bee County, Texas.

 

 



 MEMORANDUM OPINION

 

Before Chief Justice Valdez and
Justices Rodriguez and Garza

Memorandum Opinion by
Chief Justice Valdez

Appellant, Roberto
Gonzalez a/k/a Robert Reyna Gonzalez, pursuant to a plea agreement with the
State, pleaded guilty to one count of attempted aggravated assault and one
count of attempted indecency with a child by contact.  See Tex. Penal Code Ann. § 15.01 (West 2003),
§§ 21.11, 22.021 (West Supp. 2010).  The trial court deferred adjudication and
placed Gonzalez on community supervision for a period of ten years. 
Subsequently, the trial court revoked Gonzalez’s community supervision and imposed
sentences of five years’ confinement for each count.  By three issues, Gonzalez
contends:  (1) the trial court should have, sua sponte, withdrawn Gonzalez’s
plea of “true” to the State’s allegations at the revocation hearing; (2) the
trial court violated his due process rights by cumulating the sentences in the
judgment; and (3) the trial court lacked the statutory authority to cumulate
the sentences in this case.  We modify and affirm the judgment as modified.

I.          Background

            On August 31, 2010, the State filed a
motion to revoke Gonzalez’s community supervision alleging, among other things,
that Gonzalez had violated the terms and conditions of community supervision by
failing to complete sex offender treatment.  At the revocation hearing, the
trial court informed Gonzalez that if it determined that he had violated the
terms of community supervision, the trial court could revoke his community
supervision, and that the range of punishment was two to twenty years’
confinement for the attempted aggravated assault and two to ten years for the
attempted indecency with a child by contact.  Gonzalez stated that he
understood the range of punishment.  Gonzalez also stated that he understood
the terms of his community supervision and that the State had filed a motion to
revoke the community supervision.  Gonzalez informed the trial court that he
understood that the State had filed the motion to revoke because it claimed
that he was “[n]ot going to class.”

Gonzalez then pleaded
“true” to the State’s allegations that he had failed to attend and complete the
Sex Offender Therapy Program.  The trial court admitted State’s Exhibit 2, a stipulation
of evidence signed by Gonzalez judicially confessing to “All facts and
allegations regarding the violations of [his] community supervision” as
described by Keane Monroe, a probation officer, in an affidavit attached as
“Exhibit A” to his stipulations.[1] 
In the affidavit, Monroe stated that Gonzalez had failed to attend and complete
the Sex Offender Therapy Program as ordered by the terms of his community
supervision.  Gonzalez told the trial court that his attorney explained the
stipulation of evidence to him and that he understood that he was admitting
that he did “something wrong.”  The trial court then accepted Gonzalez’s plea
of “true” and found the allegations to be true.

The trial court heard evidence
from Monroe that Gonzalez had missed eleven sessions of therapy.  However, on
two of those occasions, Gonzalez showed up for his therapy session, but could
not pay and was turned away.  After hearing the evidence, the trial court
revoked Gonzalez’s community supervision and orally pronounced a sentence of
two five-year terms to run concurrently.  The judgment, however, states that
the terms are to run consecutively.  This appeal ensued.

II.         Withdrawal of Plea of True

            We review the trial court’s decision
to revoke a defendant’s community supervision under an abuse of discretion
standard.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006);
Herrera v. State, 951 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1997, no
pet.).  We review the evidence presented at the revocation hearing in the light
most favorable to the trial court’s ruling.  Jones v. State, 112 S.W.3d
266, 268 (Tex. App.—Corpus Christi 2003, no pet.).  A plea of “true” standing
alone is sufficient to support revocation of community supervision.  Id.

            By his first issue, Gonzalez contends that
the trial court should have sua sponte withdrawn his plea of true.  Gonzalez
argues that he did not fail to attend his therapy sessions because he attended
“over 60 out of approximately 75 therapy sessions,” he was “refused treatment
on two occasions because of his inability to pay for the treatments,” and he
did not own a car.  Gonzalez reasons that it is “unjust” to find that he
violated the terms of community supervision under these circumstances.

            We are not persuaded by Gonzalez’s
arguments.  Here, Gonzalez pleaded “true” to failing to attend and complete the
sex offender therapy sessions.  Gonzalez’s plea of true standing alone was
sufficient to support the trial court’s finding that Gonzalez had violated the
terms and conditions of community supervision.  See Jones, 112
S.W.3d at 268.  Gonzalez cites no authority, and we find none, requiring a
trial court to sua sponte withdraw a plea of “true” at a revocation hearing.[2]  See
Gutierrez v. State, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003) (en banc)
(setting out that the legislature has not authorized in the context of
revocation proceedings a right for a defendant to withdraw a plea of “true”); Moses
v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979) (“[T]here is no duty
upon a trial court to withdraw a plea of true in a revocation of probation
proceeding even if a probationer presents a defensive issue.”).  Moreover, although
Monroe acknowledged that Gonzalez was refused treatment for two therapy
sessions due to lack of payment, Monroe testified that Gonzalez failed to
attend nine therapy sessions.[3]

Therefore, viewing the
evidence in the light most favorable to the trial court’s ruling, we conclude
that the trial court did not abuse its discretion by not sua sponte withdrawing
Gonzalez’s plea of true and by finding that Gonzalez violated the terms of
community supervision by failing to attend the sex offender therapy sessions.  See
Herrera, 951 S.W.2d at 199 (“[A] single violation of a condition of
community supervision is sufficient to support the trial court’s decision to
revoke.”).  We overrule Gonzalez’s first issue.

III.        Cumulative Sentences

            By his second and third issues, which
Gonzalez has briefed as one, he contends that the trial court violated his
“right to due process in issuing a written judgment cumulating the sentences in
this case when concurrent sentences had been orally pronounced in court,” and
“[t]he trial court lacked any statutory authority to cumulate the sentences in
this case.”  The State concedes that Gonzalez’s second and third issues are
meritorious and requests that we modify the judgment.

            “A trial court’s pronouncement of
sentence is oral, while the written judgment, including the sentence assessed,
is merely the embodiment of that oral pronouncement.”  Ex parte Madding,
70 S.W.3d 131, 135 (Tex. Crim. App. 2002).  Therefore, when the oral
pronouncement of sentence and the written judgment vary, the oral pronouncement
controls.  Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). 
A trial court that wishes to impose cumulative sentences must make such an
order at the time and place that sentence is orally pronounced.  Madding,
70 S.W.3d at 136; Ex parte Vasquez, 712 S.W.2d 754, 755 (Tex. Crim. App.
1986).  “A trial court does not have discretion or the statutory authority to
orally pronounce one sentence in front of the defendant, but enter a different
sentence in its written judgment, outside the defendant’s presence.”  Madding,
70 S.W.3d at 136.

The record reflects that
at the revocation hearing, the trial court orally pronounced that Gonzalez’s
sentences of five years for each count would run concurrently.  However, the
written judgment states that the two sentences were to run consecutively.  We
conclude that Gonzalez’s due process rights were violated because the trial
court did not have the statutory authority or discretion to orally pronounce
one sentence and enter a different sentence in its written judgment.  See
id. at 136-37 (concluding that the judgment cumulating the sentences after
oral pronouncement that sentences would run concurrent violated the appellant’s
right to due process and modifying judgment to reflect that the sentences run
concurrently).  We sustain Gonzalez’s second and third issues.  See id. 
Accordingly, we modify the judgment to reflect that the sentences run
concurrently.  See Tex. R. App. P.
43.2(b); Madding, 70 S.W.3d at 136-37; see also French v. State,
830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (“[A]n appellate court has authority
to reform a judgment to include an affirmative finding to make the record speak
the truth when the matter has been called to its attention by any source.”).

IV.       Conclusion

            We affirm the judgment as modified.

_____________________

Rogelio Valdez

                                                                                                Chief
Justice

 

Do not
Publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the


21st day of July, 2011.

 









[1]
Gonzalez stated in his stipulation of evidence that Monroe’s affidavit is
“marked as Exhibit A and incorporated herein and made a part hereof for all purposes.”





[2]
Gonzalez claims that Moon v. State, 572 S.W.2d 681, 681 (Tex. Crim. App.
1978), stands for the proposition that before accepting a plea of “true” at a
revocation hearing, the trial court must “consider the evidence submitted” and
“may find the State’s allegations to be not true,” despite the defendant’s plea
of “true.”  Moon does not pertain to a revocation hearing or a
defendant’s plea of true.  Instead, the court in Moon “held that when
the defendant waives a jury trial and pleads guilty to the trial court, the
trial court has no duty to withdraw the plea sua sponte even if the evidence
raises defensive issues.”  Cole v. State, 578 S.W.2d 127, 128 (Tex.
Crim. App. 1979).  Therefore, Moon is inapplicable to our analysis.





[3]
At the revocation hearing, defense counsel, in closing argument, stated that
Gonzalez had missed nine sessions.