IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0965-11






JAMMIE LEE MOORE, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


POTTER COUNTY





 Hervey, J., filed a dissenting opinion in which Keasler, J., joined and 
Womack, J., joined as to Part II.


DISSENTING OPINION 



 Today the majority modifies the judgment of the court of appeals to delete the
cumulation order "[b]ecause the record does not support mandatory cumulation under
[Section 481.134(h) of the Texas Health and Safety Code] and because the record reveals
that the trial court did not otherwise intend to cumulate the sentences." Slip op. at 2. I
disagree and believe that the cumulation order should be upheld. The trial court's ruling
should not be overturned simply because the mandatory-cumulation provision is
inapplicable here.

I.

 When reviewing a trial court's ruling on a mixed question of law and fact (as is the
determination of whether to cumulate sentences in this case), we review de novo the
application of the law to the facts, but we afford almost total deference to the trial court's
evaluation of the credibility and demeanor of witnesses. Estrada v. State, 154 S.W.3d
604, 607 (Tex. Crim. App. 2005). If the trial judge's decision is correct on any theory of
law applicable to the case, it will be sustained. Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990). This is true even when the trial judge gives the wrong reason for
his decision. Id.

 In the absence of any mandatory-cumulation provision, a trial court has discretion
to cumulate a defendant's sentences under Article 42.08(a) of the Texas Code of Criminal
Procedure. (1) The trial court must exercise its statutory discretion to cumulate at the time
the subsequent sentence is pronounced. Ex parte Vasquez, 712 S.W.2d 754, 755 (Tex.
Crim. App. 1986). The cumulated sentences must be "substantially and sufficiently
specific to authorize the punishment sought to be imposed" (2) so that the defendant and the
Department of Corrections receive notice of which sentences the instant sentence is
cumulated with. Williams v. State, 675 S.W.2d 754, 765 (Tex. Crim. App. 1984) (op. on
reh'g).

 Here, the trial court had discretion to cumulate Appellant's sentences pursuant to
Article 42.08(a), and the sentences were cumulated at the time that the sentence for
possession of methamphetamine was pronounced. This occurred in the presence of all
parties and before the defendant left the courtroom to begin serving the sentence imposed. 
Cf. Vasquez, 712 S.W.2d at 755 (setting aside a cumulation order because a trial court
must exercise its discretion at the time of the pronouncement of the sentence, not three
days later); Ex parte Voelkel, 517 S.W.2d 291, 292 (Tex. Crim. App. 1975) (holding that
the trial court was prohibited from adding a cumulation order one day after it pronounced
the sentence). Additionally, the pronouncement of the cumulated sentences was
substantially and sufficiently specific to authorize the punishment sought to be imposed
as the trial judge identified the trial court number of the prior conviction, the general time
of the prior conviction, and the nature and term of years of the prior conviction. See
Williams, 675 S.W.2d at 763-64 (citing Ward v. State, 523 S.W.2d 681, 682 (Tex. Crim.
App. 1975)). (3)

 Therefore, although the trial court initially cumulated Appellant's sentences for the
wrong reason (on the basis of Section 481.134(h) of the Texas Health and Safety Code),
the cumulation ruling should still be upheld because it was correct according to the trial
court's discretionary authority.

II.

 At the very least, we could remand this case to the trial court. Contrary to the
majority's conclusion, the record does not plainly reveal that the trial court did not intend
to cumulate the sentences absent application of the mandatory-cumulation provision. The
cumulation discussion did occur after the judgment was initially pronounced and in
response to the State's motion. Yet, it is far from evident whether, when reminded of the
prior conviction and in the absence of any mandatory provision, the trial court would have
chosen to use its discretion and cumulate the sentences. This Court has suggested that, if
the trial judge had the authority to cumulate sentences but entered, at his discretion under
Article 42.08(a), a cumulation order that lacked the requisite specificity, it may be
appropriate to remand the case to the trial judge so that the judge could obtain the
information required to support the cumulation order. Beedy v. State, 250 S.W.3d 107,
114 (Tex. Crim. App. 2008) (discussing Bell v. State, 994 S.W.2d 173, 175 (Tex. Crim.
App. 1999)). Accordingly, the trial court could cumulate Appellant's sentences at his
discretion, but in the alternative, a remand would allow the trial court to clarify its intent
and enable it to exercise its discretion to cumulate under Article 42.08(a), if it so desires. 
See slip op. at 14 n.12. 

 For these reasons, I respectfully dissent.

 Hervey, J.

Filed: June 20, 2012

Publish 
1. "When the same defendant has been convicted in two or more cases, judgment and
sentence shall be pronounced in each case in the same manner as if there had been but one
conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the
court, the judgment in the second and subsequent convictions may either be that the sentence
imposed or suspended shall begin when the judgment and the sentence imposed or suspended in
the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall
run concurrently with the other case or cases, and sentence and execution shall be accordingly;
provided, however, that the cumulative total of suspended sentences in felony cases shall not
exceed 10 years, and the cumulative total of suspended sentences in misdemeanor cases shall not
exceed the maximum period of confinement in jail applicable to the misdemeanor offenses,
though in no event more than three years, including extensions of periods of community
supervision under Section 22, Article 42.12, of this code, if none of the offenses are offenses
under Chapter 49, Penal Code, or four years, including extensions, if any of the offenses are
offenses under Chapter 49, Penal Code." Tex. Code Crim. Proc. art. 42.08(a).
2. Ex parte Lewis, 414 S.W.2d 682, 683 (Tex. Crim. App. 1967). 
3. There is also sufficient evidence in the record to support the discretionary-cumulation
order. The record includes evidence of Applicant's previous conviction. Cf. Turner v. State, 733
S.W.2d 218, 221 (Tex. Crim. App. 1987) (determining that a cumulation order was invalid
because of insufficient evidence when no evidence of prior conviction was offered and it was
improper for the trial judge to take judicial notice of the conviction from another court).