

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0965-11

**JAMMIE LEE MOORE, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### POTTER COUNTY

HERVEY, J., filed a dissenting opinion in which KEASLER, J., joined and WOMACK, J., joined as to Part II.

### DISSENTING OPINION

Today the majority modifies the judgment of the court of appeals to delete the cumulation order "[b]ecause the record does not support mandatory cumulation under [Section 481.134(h) of the Texas Health and Safety Code] and because the record reveals that the trial court did not otherwise intend to cumulate the sentences." *Slip op.* at 2. I disagree and believe that the cumulation order should be upheld. The trial court's ruling

should not be overturned simply because the mandatory-cumulation provision is inapplicable here.

## I.

When reviewing a trial court's ruling on a mixed question of law and fact (as is the determination of whether to cumulate sentences in this case), we review de novo the application of the law to the facts, but we afford almost total deference to the trial court's evaluation of the credibility and demeanor of witnesses. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005). If the trial judge's decision is correct on *any* theory of law applicable to the case, it will be sustained. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). This is true even when the trial judge gives the wrong reason for his decision. *Id.*

In the absence of any mandatory-cumulation provision, a trial court has discretion to cumulate a defendant's sentences under Article 42.08(a) of the Texas Code of Criminal Procedure.[1] The trial court must exercise its statutory discretion to cumulate at the time

---

[1] "When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; provided, however, that the cumulative total of suspended sentences in felony cases shall not exceed 10 years, and the cumulative total of suspended sentences in misdemeanor cases shall not exceed the maximum period of confinement in jail applicable to the misdemeanor offenses, though in no event more than three years, including extensions of periods of community supervision under Section 22, Article 42.12, of this code, if none of the offenses are offenses

the subsequent sentence is pronounced. *Ex parte Vasquez*, 712 S.W.2d 754, 755 (Tex. Crim. App. 1986). The cumulated sentences must be "substantially and sufficiently specific to authorize the punishment sought to be imposed"[2] so that the defendant and the Department of Corrections receive notice of which sentences the instant sentence is cumulated with. *Williams v. State*, 675 S.W.2d 754, 765 (Tex. Crim. App. 1984) (op. on reh'g).

Here, the trial court had discretion to cumulate Appellant's sentences pursuant to Article 42.08(a), and the sentences were cumulated at the time that the sentence for possession of methamphetamine was pronounced. This occurred in the presence of all parties and before the defendant left the courtroom to begin serving the sentence imposed. *Cf. Vasquez*, 712 S.W.2d at 755 (setting aside a cumulation order because a trial court must exercise its discretion at the time of the pronouncement of the sentence, not three days later); *Ex parte Voelkel*, 517 S.W.2d 291, 292 (Tex. Crim. App. 1975) (holding that the trial court was prohibited from adding a cumulation order one day after it pronounced the sentence). Additionally, the pronouncement of the cumulated sentences was substantially and sufficiently specific to authorize the punishment sought to be imposed as the trial judge identified the trial court number of the prior conviction, the general time of the prior conviction, and the nature and term of years of the prior conviction. *See*

under Chapter 49, Penal Code, or four years, including extensions, if any of the offenses are offenses under Chapter 49, Penal Code." TEX. CODE CRIM. PROC. art. 42.08(a).

[2]*Ex parte Lewis*, 414 S.W.2d 682, 683 (Tex. Crim. App. 1967).

*Williams*, 675 S.W.2d at 763-64 (citing *Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim. App. 1975)).[3]

Therefore, although the trial court initially cumulated Appellant's sentences for the wrong reason (on the basis of Section 481.134(h) of the Texas Health and Safety Code), the cumulation ruling should still be upheld because it was correct according to the trial court's discretionary authority.

**II.**

At the very least, we could remand this case to the trial court. Contrary to the majority's conclusion, the record does not plainly reveal that the trial court did not intend to cumulate the sentences absent application of the mandatory-cumulation provision. The cumulation discussion did occur after the judgment was initially pronounced and in response to the State's motion. Yet, it is far from evident whether, when reminded of the prior conviction and in the absence of any mandatory provision, the trial court would have chosen to use its discretion and cumulate the sentences. This Court has suggested that, if the trial judge had the authority to cumulate sentences but entered, at his discretion under Article 42.08(a), a cumulation order that lacked the requisite specificity, it may be appropriate to remand the case to the trial judge so that the judge could obtain the

---

[3]There is also sufficient evidence in the record to support the discretionary-cumulation order. The record includes evidence of Applicant's previous conviction. *Cf. Turner v. State*, 733 S.W.2d 218, 221 (Tex. Crim. App. 1987) (determining that a cumulation order was invalid because of insufficient evidence when no evidence of prior conviction was offered and it was improper for the trial judge to take judicial notice of the conviction from another court).

information required to support the cumulation order. *Beedy v. State*, 250 S.W.3d 107, 114 (Tex. Crim. App. 2008) (discussing *Bell v. State*, 994 S.W.2d 173, 175 (Tex. Crim. App. 1999)). Accordingly, the trial court could cumulate Appellant's sentences at his discretion, but in the alternative, a remand would allow the trial court to clarify its intent and enable it to exercise its discretion to cumulate under Article 42.08(a), if it so desires. *See slip op.* at 14 n.12.

For these reasons, I respectfully dissent.

Hervey, J.

Filed: June 20, 2012

Publish