

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00146-CR

**EUGENE WHITE,**

                                 **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                 **Appellee**

---

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. 31775-CR

---

## MEMORANDUM OPINION

---

Eugene White was convicted of possession of a controlled substance over one gram but under four grams in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(a), (c); 481.134(c) (West 2010). He was sentenced to seven years in prison. The sentence was suspended, and he was placed on community supervision for seven years. The State ultimately filed a motion to revoke White's community supervision, which the trial court granted; and White was sentenced to seven years in prison. His

sentence was ordered to run consecutively with a conviction of another drug offense in Harris County. Because the trial court erred in assessing attorney's fees as court cost and in ordering the two sentences to run consecutively, the trial court's judgment is affirmed as modified.

In his first issue, White complains about error in the written judgment revoking community supervision which, he contends, should be modified. White contends the judgment should be modified to properly reflect the sections of the Texas Health and Safety Code of which he was found to have been convicted. However, White cites to nothing to support the proposition that the judgment in this case needs to be modified. As the Code of Criminal Procedure requires, the judgment accurately reflects that White was convicted of the offense of Possession of a Controlled Substance Penalty Group 1 over 1 Gram under 4 Grams in a Drug-Free Zone. TEX. CODE CRIM. PROC. ANN. art. 42.01, Sec. 1(13) (West 2006) ("The judgment shall reflect...the offense or offenses for which the defendant is convicted."). The Code does not require the statutory code provisions or every nuance of the statutory code provisions also be reflected in the judgment. The fact that the Health and Safety Code provision cited along with the name of the offense in this particular judgment only refers to the subsection regarding the punishment if an offense is committed within a drug-free zone does not make the judgment in need of correction. White's first issue is overruled.

In his second issue, White argues that the evidence is insufficient to support the assessment of court costs because no bill of cost was included in the appellate record. He asks that the clerk's record be supplemented by a bill of cost, and if not, the judgment be reformed to delete court costs. The clerk's record in this appeal was supplemented with a bill of cost on July 9, 2015. *See Johnson v. State*, 423 S.W.3d 385, 392 (Tex. Crim. App. 2014) ("a bill of costs is a relevant item that if omitted from the record, can be prepared and added to the record via a supplemental clerk's record.").

In his "Reply Brief," filed after the clerk's record was supplemented, White revised his second issue to assert that the trial court erred in assessing attorney's fees as court costs because there was no evidence to support the assessment. Pursuant to our local rules, White cannot raise new issues without permission from the Court. *See* 10th TEX. APP. (WACO) LOC. R. 12(f). White did not request permission to raise a new issue in his reply. *Id*. However, we use Rule 2 to dispense with this requirement, for this time only, and rule on the merits of the revised issue. *See* TEX. R. APP. P. 2.

The bill of cost shows that White owes $5,541 in attorney's fees. The judgment revoking community supervision recites the same amount as court cost. As indicated in the bill of cost, there is no other fee amount due other than attorney's fees. It is unclear from the bill of cost when the attorney's fees were assessed. However, it is clear from the judgment placing White on community supervision and the conditions of community supervision that the specific amount of attorney's fees was not assessed as a

condition of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(11) (West 2006) (specifically authorizing reimbursement of appointed attorney's fees as a condition of community supervision). It was also not a part of the judgment placing White on community supervision. *See Wiley v. State*, 410 S.W.3d 313, 320 (Tex. Crim. App. 2013). Further, it is clear from the transcription of the revocation hearing that the trial court did not make any determination that White now had the financial resources to pay attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2009). Accordingly, the evidence is insufficient to support the trial court's assessment of attorney's fees as court cost. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).

White's second issue is sustained, and the judgment is modified to delete the assessment of attorney's fees as court cost.

Lastly, White contends in two issues that the judgment should be modified to delete the mandatory cumulation order because 1) the evidence is insufficient to support mandatory cumulation (Issue 3), and 2) the trial court did not intend to cumulate the sentences in the absence of a mandatory cumulation provision (Issue 4).

The State concedes that the mandatory cumulation requirement of section 481.134(h) of the Health and Safety Code does not apply because White's convictions were for offenses listed in section 481.134(c). *See Tex. Health & Safety Code Ann*. § 481.134(c), (h) (West 2010); *Moore v. State*, 371 S.W.3d 221, 228 (Tex. Crim. App. 2012).

The State further concedes that the trial court did not pronounce at sentencing that the current conviction would run consecutively with a conviction from Harris County. *See id.*; *Ex parte Vasquez*, 712 S.W.2d 754, 755 n.2 (Tex. Crim. App. 1986). Thus, it concurs with White's assertion that the judgment should be modified to delete the cumulation order. We agree.

Accordingly, White's third and fourth issues are sustained.

Having sustained White's second, third, and fourth issues but having overruled his first issue, we modify the trial court's judgment to delete the assessment of attorney's fees in the amount of $5,541 and delete the order cumulating trial court number 31775 with trial court number 136209501010 and affirm the judgment as modified.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed as modified
Opinion delivered and filed August 13, 2015
Do not publish
[CR25]

