NO. 07-09-00314-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 6, 2011

_____

JAMMIE LEE MOORE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,934-E; HONORABLE DOUGLAS WOODBURN, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant, Jammie Lee Moore, was convicted of possession of methamphetamine in an amount of four grams or more but less than 200 grams,[1] enhanced by a plea of true to two prior felony convictions. The jury sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of 50 years. The trial court ordered appellant's sentence to be served after he had completed serving his sentence in Cause No. 55,555-E. Appellant has appealed, and we will affirm the judgment of the trial court as modified.

_____

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010).

Factual and Procedural Background

Appellant was convicted of possession of methamphetamine in an amount of four grams or more but less than 200 grams and sentenced, after a plea of true to two prior felony convictions, to confinement for 50 years in the ID-TDCJ. Appellant has not attacked the jury's finding of guilt; therefore, only such of the factual background as is relevant to the issues raised will be recited in this opinion.

After the jury had found appellant guilty of the indicted offense and appellant pleaded true to the prior felony convictions, the trial court proceeded to hear testimonial evidence in the punishment portion of the trial. During this part of the trial, the State called Leo Ramirez, an employee of the Texas Department of Criminal Justice (TDCJ), as a witness. Ramirez described his position as a sergeant in the security threat group of the TDCJ. Further, Ramirez testified that his main job involved the subject of gang intelligence. As part of his job, Ramirez stated he was familiar with the reports generated at TDCJ that referenced an inmate's participation in a prison gang. Eventually, Ramirez testified that appellant was a member of the Aryan Brotherhood of Texas. Upon cross-examination, Ramirez testified that appellant was transferred to another unit prior to his last parole in an attempt to disassociate him from the gang. However, Ramirez testified that, according to the records of TDCJ, appellant did not successfully complete his disassociation program.

During the conference on the court's charge on punishment, appellant's trial counsel requested that the jury be informed that the sentence imposed would be a mandatory cumulative sentence case because of appellant's prior conviction in Cause No. 55,555-E for the offense of possession of a controlled substance in a drug-free

zone.[2]  The trial court denied the requested instruction.  The jury returned a punishment verdict of confinement for 50 years.

Following the dismissal of the jury, the trial court was preparing to sentence appellant to confinement for 50 years in the ID-TDCJ when the State reminded the court that the sentence was subject to the mandatory cumulative sentencing provisions of the Texas Health & Safety Code.  See TEX. HEALTH & SAFETY CODE ANN. § 481.134(h) (West 2010).[3]  The trial court then pronounced the sentence and the cumulative nature of the sentence without objection from appellant.

Appellant has now appealed bringing forth six issues to this court.  Appellant's issues contend that the trial court erred in: 1) cumulating appellant's sentence in the instant case with another sentence, 2) refusing appellant's requested instruction in the punishment charge, 3) allowing evidence before the jury about appellant's membership in a prison gang, and 4) assessing costs and attorneys fees to be repaid.  We will affirm the judgment of the trial court in all aspects, except we will eliminate the order that appellant repay the county the cost of his appointed attorney.

Cumulative Sentencing

Appellant's first issue implies that the trial court's cumulation of appellant's sentence was erroneous due to evidentiary sufficiency.  However, upon closer reading,

---

[2] Appellant's conviction in Cause No. 55,555-E was for possession of a controlled substance, methamphetamine, in an amount of more than four grams but less than 200 grams.  See TEX. HEALTH & SAFETY CODE ANN. § 481.115(d).  Further, appellant's possession occurred within a drug-free zone.  See id. § 481.134(c).  Appellant was sentenced to 30 years confinement in the ID-TDCJ in that case.

[3] Further reference to the Texas Health & Safety Code Annotated will be by reference to "section ___" or "§ ___".

it becomes apparent that appellant has taken that approach for one reason only: there has been a complete procedural default on any issue related to the trial court's cumulative sentence order. See TEX. R. APP. P. 33.1(a). Appellant failed to voice any objection at the time he was ordered to serve his 50 year sentence after the completion of the sentence in Cause No. 55,555-E. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); Lovill v. State, 319 S.W.3d 687, 691-92 (Tex.Crim.App. 2009).

In order to circumvent the consequences of failing to object to the trial court's action in cumulating the sentences, appellant now contends that, because there was no evidence that the punishment in Cause No. 55,555-E was increased via the drug-free zone finding, we must reform the judgment to strike the cumulative effect of the trial court's order. Appellant's point is utterly without merit. The only authority appellant offers consists of authority for the very general proposition that challenges to the evidentiary sufficiency to support a verdict need not be preserved by a contemporaneous objection. See Mayer v. State, 309 S.W.3d 552, 556 (Tex.Crim.App. 2010) (dealing with a failure to object to a restitution order for repayment of attorney fees). Appellant cites this Court to no authority for the proposition that he can now attack a jury finding from a previous trial on a sufficiency basis.

Appellant's sentence was mandatorily cumulated pursuant to section 481.134(h) which makes mandatory that punishment for a crime committed under the section may not run concurrently with "a conviction under any other criminal statute." See §

481.134(h). "This section" refers to "Drug-Free Zones." Id. The conviction that appellant is now appealing was not based upon section 481.134; therefore, it falls into the category of "a conviction under any other criminal statute." See Williams v. State, 253 S.W.3d 673, 678 (Tex.Crim.App. 2008). So, appellant was facing sentencing for an offense other than a drug offense committed in a drug-free zone. As the record reflects, the conviction in Cause No. 55,555-E was for possession of a controlled substance in a drug-free zone. The above referenced mandatory cumulative sentencing was, therefore, before the trial court. § 481.134(h). When the trial judge cumulated appellant's sentences, he was applying a mandatory provision of the relevant statute. The plain meaning of the statute is that the trial court has no discretion to do more than he did: cumulate the sentences. See Thompson v. State, 236 S.W.3d 787, 792 (Tex.Crim.App. 2007) (appellate courts must give effect to the plain meaning of the statute, unless the plain meaning leads to absurd consequences). The plain meaning is as reflected above. Appellant's first issue is overruled.

Jury Instruction

In his second issue, appellant contends that the trial court erred when it refused to give a requested instruction to the jury that appellant's sentence would have to be served consecutively. Appellant's theory is that the fact that appellant had to serve his sentence consecutively was something the jury should be allowed to consider in order to make an informed decision about the punishment to be given to appellant. Appellant cites the Court to Haliburton v. State, 578 S.W.2d 726 (Tex.Crim.App. 1979), for the apparent proposition that the requested instruction should have been given. Haliburton involved a jury sending a note out to the trial court during deliberations inquiring about

5

whether or not the defendant would serve the sentences in the two cases tried together concurrently. Id. at 728. The trial judge answered in the affirmative. Id. After being convicted, the defendant appealed claiming that it was an abuse of discretion for the trial court to have given the supplemental charge and that the error was harmful. The Court of Criminal Appeals held that the trial court did not abuse its discretion in giving the supplemental charge regarding whether the sentences would be served concurrently. Id. at 729.

From this holding, appellant now asks this Court to rule that the converse action of a trial court–refusing to give a charge advising the jury that the sentences would be served consecutively–would be error. This issue has been addressed by other courts of appeals since the Haliburton decision. In Levy v. State, 860 S.W.2d 211, 213 (Tex.App.—Texarkana 1993, pet. ref'd), the Texarkana court held that refusal to answer the jury's question about whether sentences being considered would run concurrently or consecutively was not error. As the citation reflects, the Texas Court of Criminal Appeals refused a petition for review in the case. Such was the decision in Stewart v. State, 221 S.W.3d 306, 316 (Tex.App.—Fort Worth 2007, no pet.), in which the court held that the refusal to advise the jury that the sentence in question would be served consecutively was not error. In Clay v. State, 102 S.W.3d 794, 798 (Tex.App.—Texarkana 2003, no pet.), the Texarkana court again visited this issue and said it would have been error for the trial court to give the requested instruction about the sentences being served consecutively. We believe that the opinions referenced above reflect the correct state of the law. Accordingly, we overrule appellant's second issue.

Gang Membership

During the punishment phase of the trial, the State proffered the testimony of Leo Ramirez, an employee of the TDCJ. During his testimony, Ramirez testified without objection that appellant was a member of the Aryan Brotherhood of Texas. There was no request to limit the jury's consideration of Ramirez's testimony at the time it was admitted. Subsequently, when the court's charge on punishment was prepared, there was no request from appellant to limit the consideration of this evidence. In appellant's third issue, he now complains that the failure of the trial court to instruct the jury that such evidence could be considered only for purposes of appellant's reputation and character was egregious error. The record also reveals that the State's witness was only allowed to testify about appellant's membership in the gang. Because the trial court sustained appellant's objections, Ramirez was not allowed to testify about any of the gang's alleged activities.

Initially, we must determine if appellant has waived any alleged error by either failing to object to the evidence that appellant was a member of the Aryan Brotherhood of Texas when it was offered.[4] After the evidence was admitted, appellant did not request that the jury's consideration of Ramirez's testimony be limited in any manner. Finally, there was no request for any instruction in the court's charge on punishment.

First, we address the admission of the evidence. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard of review. See Rodriguez v. State, 203 S.W.3d 837, 841 (Tex.Crim.App. 2006). However, before

_____

[4] Appellant's only objection came when Ramirez tried to testify about what the constitution of the Aryan Brotherhood said and what the function of the gang was inside the prison.

we even get to the application of that standard of review, we must ascertain whether the question of the admissibility of the evidence has been preserved for appeal. To preserve a question regarding admissibility of evidence for appeal, the party challenging the admission must make a timely objection that places the trial court on notice as to what the objection is. See TEX. R. APP. P. 33.1(a); Butler v. State, 872 S.W.2d 227, 236 (Tex.Crim.App. 1994). Therefore, it appears that appellant has waived any objection to the complained of testimony.

Next, even if we assume that appellant can now lodge some appellate objection to the admission of the testimony, we are faced with the fact that appellant also did not request any limiting instruction at the time the evidence was admitted. In Williams v. State, the Texas Court of Criminal Appeals addressed that issue and held that the failure to request a limiting instruction at the time the evidence was admitted means that the evidence can be used by the jury for all purposes and relieves the trial judge of any requirement of giving a limiting instruction in the court's charge. 273 S.W.3d 200, 230 (Tex.Crim.App. 2008). Accordingly, the failure of the trial court to give a limiting instruction is not error.

Assuming, *arguendo,* that the failure of appellant to object to admission of the evidence at issue and the failure to request a limiting instruction on the evidence at the time of admission of the same does not bar this Court's ability to consider his argument, appellant has still failed to demonstrate that the failure to give the instruction limiting the jury's use of the gang membership was egregious error. For purposes of our analysis, egregious error is error that denies appellant a fair and impartial trial. See Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). To support his position that the

8

failure of the trial court to give a limiting instruction was egregious, appellant cites the Court to Dawson v. Delaware, 503 U.S. 159, 163, 112 S.Ct. 1093, 116 L.Ed.2d 309 (1992). However, Dawson is distinguishable from our case in a number of ways. Initially, we observe that Dawson was a murder case and the evidence of gang membership was offered during the punishment phase while the jury was considering life in prison or the death sentence. Id. at 161. Second, in Dawson, after the State had given notice of intent to use the appellant's gang affiliation against him in the punishment phase, appellant objected to the admission of the evidence. Id. at 162. Before the punishment phase of the trial began, the parties entered into a stipulation that the State would not call their expert witness on gang activities and appellant would agree to a limited stipulation about the Aryan Brotherhood being a white racist prison gang and that appellant had Aryan Brotherhood tattooed on his hand. Id. The essence of the U.S. Supreme Court's ruling was that the narrowness of the stipulation left the evidence totally without relevance to the sentencing procedure. Id. at 165. Because the evidence was not relevant, it should not have been admitted. However, the Court in Dawson did not address the issue of harm, because that issue was not before it. Id. at 168-69. Appellant simply concludes, without any real analysis, that egregious harm is apparent.

However, such is not the case. In the case before the Court, appellant was convicted of a second-degree felony offense enhanced by two prior felony convictions. These facts subjected appellant to a punishment range of imprisonment in the ID-TDCJ for life or any term of not more than 99 years or less than 25 years. The jury assessed a sentence of 50 years. When trying to ascertain if an appellant has suffered egregious harm, we are instructed to review the entire record to determine if appellant has not had

a fair and impartial trial.  <u>Almanza</u>, 686 S.W.2d at 171.  Our review of the record reveals that appellant received a 50-year sentence, which is approximately the mid-range of the punishment range possible.  Our review of the final argument reveals that the State mentioned the Aryan Brotherhood one time in final arguments.  The State concentrated its argument on the fact that this was appellant's third conviction.  Therefore, we find that, even if appellant did not waive the issue procedurally, there has been no showing of egregious harm.  <u>Id</u>.  Appellant's issue is overruled.

## Attorney Fees and Court Costs

Appellant's fourth, fifth, and sixth issues attack various aspects of the trial court's order regarding costs and, specifically, attorney fees.  First, appellant contends that the trial court must orally pronounce the requirement to reimburse attorney fees before the same can be included in the judgment.  He next contends that a clerk's action of attaching a certified copy of the bill of costs that includes the attorney fees provision to the judgment does not constitute an order to pay costs.  Finally, he contends that there is no evidence that appellant has the ability to repay the county for the cost of his attorney.

We will sustain appellant's final issue.  As we have held previously, the requirement that a recipient of legal services repay the county the costs of an appointed attorney must be based on some evidence that the recipient have the financial resources to offset some or all of the cost of appointed counsel.  <u>See</u> TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2010); <u>Mayer v. State</u>, 274 S.W.3d 898, 901 (Tex.App.—Amarillo 2008), <u>aff'd</u>, 309 S.W.3d 552 (Tex.Crim.App. 2010).  In <u>Mayer</u>, after determining that there was no evidence to support the order to pay attorney fees,

we ordered the fees stricken from the judgment.  <u>Id</u>. at 902.  The Texas Court of Criminal Appeals affirmed the decision to strike the offending attorney fees from the judgment rather than remanding the case for a new hearing on punishment.  <u>Mayer</u>, 309 S.W.3d at 557.  Accordingly, we sustain appellant's sixth issue and order that the requirement to repay the court appointed attorney fees be deleted from the judgment.

## Conclusion

We affirm the judgment of the trial court as modified regarding the repayment of attorney fees.

Mackey K. Hancock
Justice

Publish.

11