IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0965-11






JAMMIE LEE MOORE, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


POTTER COUNTY





 Keller, P.J., filed a dissenting opinion.



 Appellant failed to object to the trial court's decision to cumulate sentences. As the court
of appeals explained: "[T]here has been a complete procedural default on any issue related to the trial
court's cumulative sentence order." (1) In an attempt to get around this obvious procedural default,
appellant framed his claim as one of evidentiary insufficiency. (2) 

 The Court errs to accept appellant's characterization of the claim as one of evidentiary
insufficiency. Evidence to support a cumulation order might be legally insufficient when the State
fails to provide evidence of a prior conviction or of a fact necessary to authorize cumulative
sentences. (3)

 But in the present case, there was sufficient evidence from which the trial judge could order
cumulative sentences. There is no dispute that there was evidence of the prior conviction, and the
trial judge had the authority to cumulate sentences in his discretion under Article 42.08(a). (4) If the
trial judge believed that he was required to cumulate, then he was in error in so believing, and to the
extent the trial judge committed an error of law, appellant was required to object. (5) 

 I respectfully dissent.

Filed: June 20, 2012

Publish
1. Moore v. State, 339 S.W.3d 365, 368 (Tex. App.-Amarillo 2011). 
2. See id. ("[U]pon closer reading, it becomes apparent that appellant has taken that approach
for one reason only . . . to circumvent the consequences of failing to object to the trial court's action
in cumulating the sentences.").
3. See Tex. Penal Code § 3.03(b)(2)(exception to mandatory concurrent sentencing for
certain types of offenses if committed against a victim younger than seventeen years of age).
4. See Tex. Code Crim. Proc. art. 42.08(a).
5. See Tex. R. App. P. 33.1. The issue appellant raises now would be better raised as an
ineffective assistance of counsel claim in a habeas proceeding regarding his attorney's failure to
object to the cumulation of sentences. In such a proceeding, the record could be expanded to include
the attorney's reasons (if any) for failing to object, the trial judge's reason for cumulating sentences,
and whether or not the trial judge would have cumulated sentences if he had realized that he was not
required to do so.