

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0965-11

**JAMMIE LEE MOORE, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SEVENTH COURT OF APPEALS
## POTTER COUNTY

**KELLER, P.J., filed a dissenting opinion.**

Appellant failed to object to the trial court's decision to cumulate sentences. As the court of appeals explained: "[T]here has been a complete procedural default on any issue related to the trial court's cumulative sentence order."[1] In an attempt to get around this obvious procedural default, appellant framed his claim as one of evidentiary insufficiency.[2]

---

[1] *Moore v. State*, 339 S.W.3d 365, 368 (Tex. App.–Amarillo 2011).

[2] *See id.* ("[U]pon closer reading, it becomes apparent that appellant has taken that approach for one reason only . . . to circumvent the consequences of failing to object to the trial court's action in cumulating the sentences.").

The Court errs to accept appellant's characterization of the claim as one of evidentiary insufficiency. Evidence to support a cumulation order might be legally insufficient when the State fails to provide evidence of a prior conviction or of a fact necessary to authorize cumulative sentences.[3]

But in the present case, there was sufficient evidence from which the trial judge could order cumulative sentences. There is no dispute that there was evidence of the prior conviction, and the trial judge had the authority to cumulate sentences in his discretion under Article 42.08(a).[4] If the trial judge believed that he was *required* to cumulate, then he was in error in so believing, and to the extent the trial judge committed an error of law, appellant was required to object.[5]

I respectfully dissent.

Filed: June 20, 2012
Publish

---

[3] *See* TEX. PENAL CODE § 3.03(b)(2)(exception to mandatory concurrent sentencing for certain types of offenses if committed against a victim younger than seventeen years of age).

[4] *See* TEX. CODE CRIM. PROC. art. 42.08(a).

[5] *See* TEX. R. APP. P. 33.1. The issue appellant raises now would be better raised as an ineffective assistance of counsel claim in a habeas proceeding regarding his attorney's failure to object to the cumulation of sentences. In such a proceeding, the record could be expanded to include the attorney's reasons (if any) for failing to object, the trial judge's reason for cumulating sentences, and whether or not the trial judge would have cumulated sentences if he had realized that he was not required to do so.