

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0965-11

### JAMMIE LEE MOORE, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### POTTER COUNTY

ALCALA, J., delivered the opinion of the Court in which MEYERS, PRICE, JOHNSON, and COCHRAN, JJ., joined. KELLER, P.J., filed a dissenting opinion. HERVEY, J., filed a dissenting opinion in which KEASLER, J., joined and WOMACK, J., joined in Part II only. WOMACK, J., dissented.

## O P I N I O N

Appellant, Jammie Lee Moore, challenges the court of appeals's decision to affirm the trial court's judgment that included an order cumulating his sentence in this case for possession of methamphetamine with an earlier sentence he had received for possession of a controlled substance in a drug-free zone. *Moore v. State*, 339 S.W.3d 365 (Tex. App.—Amarillo 2011). The trial court and court of appeals determined that cumulation of

the sentences was mandatory under Texas Health and Safety Code section 481.134(h), which states, "Punishment that is increased for a conviction for an offense listed under this section may not run concurrently with punishment for a conviction under any other criminal statute." TEX. HEALTH & SAFETY CODE § 481.134(h). Because the record does not support mandatory cumulation under that provision and because the record reveals that the trial court did not otherwise intend to cumulate the sentences, we modify the judgment of the court of appeals to delete the cumulation order and affirm the judgment as modified.

## I. Background

### A. The Trial Court

In this case, appellant was charged with possession of methamphetamine in an amount of four grams or more but less than 200 grams. *See id.* § 481.115(d). The State filed a pretrial motion to cumulate the sentence in this case with appellant's prior sentence for possession of a controlled substance in a statutorily designated drug-free zone in cause number 55,555-E, for which he had been sentenced to 30 years' confinement.[1] The State's pretrial motion asserted that cumulation was mandatory under Texas Health and Safety Code section 481.134(h). *See id.* § 481.134(h).

---

[1] Appellant's previous conviction in cause number 55,555-E was for possession of a controlled substance, methamphetamine, in an amount of more than four grams but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE § 481.115(d). Because the offense occurred in a statutorily designated drug-free zone, the statute increased the applicable punishment range from 25 to 99 years' confinement to 30 to 99 years' confinement. *See id.* § 481.134(c).

After receiving all of the evidence, the jury found appellant guilty. In the punishment phase of trial, appellant pleaded "true" to two felony-enhancement allegations.[2] Appellant requested that the trial court instruct the jury that any sentence the jury assessed would be cumulated with the sentence appellant was serving for possession of a controlled substance in a drug-free zone. The trial court denied the request. The jury assessed his punishment at 50 years' confinement, and the trial court orally pronounced his sentence. As the trial court concluded the proceedings, the prosecutor reminded the trial court of the State's motion to cumulate the sentences. The trial court granted the motion and ordered that appellant's sentence not begin until he had completed the sentence for his prior drug-free-zone conviction. Appellant did not object, and the proceedings ended.

## B.  The Appellate Proceedings

Appellant's direct appeal challenged the sufficiency of the evidence to support the cumulation order. The State responded that appellant waived his challenge because he failed to lodge an objection at the time the trial court ordered the sentences cumulated. The court of appeals agreed with the State. The court acknowledged appellant's contention that general sufficiency-of-the-evidence complaints need not be preserved at trial, but interpreted his issue as challenging "a jury finding from a previous trial on a sufficiency basis." *Moore*, 339 S.W.3d at 368. It determined that appellant had cited no authority permitting him to collaterally attack the drug-free zone finding that had been made in the previous trial. *Id*. The

---

[2]     The enhancement paragraphs alleged two felony assault convictions and did not include the prior drug-free-zone offense that is the subject of this appeal.

court held that appellant's failure to object to the cumulation order resulted in "a complete procedural default on any issue related to the trial court's cumulative sentence order."*Id*.

Although it determined that appellant had not preserved his issue, the court of appeals analyzed the merits of part of appellant's issue. *Id*. Appellant contended that his present conviction was not "a conviction under any other criminal statute," which he claimed meant that his present sentence could not be cumulated with the previous sentence. *See* TEX. HEALTH & SAFETY CODE § 481.134(h). The court of appeals interpreted the language of the mandatory-cumulation provision, which states, "Punishment that is increased for a conviction for an offense listed under this section may not run concurrently with punishment for a conviction under any other criminal statute," and determined that "this section" refers to "drug-free zones." *Moore*, 339 S.W.3d at 368 (citing TEX. HEALTH & SAFETY CODE § 481.134(h)). It concluded that appellant's present conviction for possession of methamphetamine under section 481.115(d) was not a conviction for a drug-free-zone offense under section 481.134(c) and, therefore, constituted a "conviction under any other criminal statute." *Id*.; *See* TEX. HEALTH & SAFETY CODE §§ 481.115(d), 481.134(c). The court held that the trial court properly cumulated the sentence in cause number 55,555-E with the sentence in this case because the former sentence was for a conviction under the drug-free-zone statute and the present sentence is for a conviction under a different criminal statute. *Moore*, 339 S.W.3d at 368-69.

This Court granted review of the four issues appellant raised in his petition for discretionary review. Appellant's second issue pertains to the court of appeals's holding that he procedurally defaulted his challenge to the cumulation order. We begin with that issue because an appellate issue that is not preserved at trial is ordinarily forfeited.[3] Appellant asks, "Is insufficient evidence of an *increased punishment* – which would bar concurrent sentencing under § 481.134(h) – cognizable on direct appeal?" *See* TEX. HEALTH & SAFETY CODE § 481.134(h). He argues that he may challenge the sufficiency of the evidence supporting the cumulation of his sentences without having preserved the issue at trial. The State responds that preservation is required and that appellant's failure to object to the cumulation order at the time the trial court issued it precludes appellate review of his issue.

We then address appellant's fourth issue, which asks, "Is a conviction for an offense listed in TEX. HEALTH & SAFETY CODE § 481.134 – but not alleged to have been committed in a drug-free zone – a 'conviction under any other criminal statute'"? *See id.* § 481.134. We examine the court of appeals's statutory analysis of whether the present conviction was under a different statute than the drug-free-zone statute.

---

[3] Although the parties discuss the preservation issue in terms of "waiver," we have held that failure to properly object to trial error constitutes a "forfeiture" of rights. *See Clark v. State*, 365 S.W.3d 333, 339 n.1 (Tex. Crim. App. 2012) (citing *Marin v. State*, 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993)).

Appellant's two remaining issues ask,

> Issue 1: May a court of appeals interpret a statute, as a matter of first impression statewide, with an opinion that omits any consideration of the issue raised?

> Issue 3: Does the statutory phrase "*punishment* that is increased…" require only that the punishment *range* have been increased?

These issues challenge the court of appeals's failure to address appellant's argument concerning whether his prior sentence was increased because it occurred in a drug-free zone. We do not address these two issues because the other two issues are dispositive of this appeal.

## II. Preservation of Claim that Evidence Insufficient to Support Cumulation Order

The court of appeals held that "there has been a complete procedural default on any issue related to the trial court's cumulative sentence order," citing Texas Rule of Appellate Procedure 33.1, which sets forth requirements for preserving a complaint for appellate review. *Moore*, 339 S.W.3d at 368 (citing TEX. R. APP. P. 33.1).[4] Under that rule, the record must show that the complaining party made a specific and timely complaint to the trial judge and that the trial judge ruled on the complaint. TEX. R. APP. P. 33.1(a)(1)(A). Generally, error that is not preserved may not be raised for the first time on appeal. *See id*.; *Mendez v. State*,

---

[4] Texas Rule of Appellate Procedure 33.1(a)(1)(A) provides, "As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1.

138 S.W.3d 334, 338 (Tex. Crim. App. 2004). However, this Court has held that "a claim regarding sufficiency of the evidence need not be preserved for appellate review at the trial level, and it is not forfeited by the failure to do so." *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004); *Rankin v. State,* 46 S.W.3d 899, 901 (Tex. Crim. App. 2001). Therefore, "an appellate court must always address challenges to the sufficiency of the evidence." *McFarland v. State*, 930 S.W.2d 99, 100 (Tex. Crim. App. 1996).

In contrast to evidence-sufficiency challenges, for which no preservation of error is required, challenges to the propriety of trial-court rulings must be preserved for appeal. *See Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002). In other words, while complaints as to the "factual basis" of a trial court's order may be raised for the first time on appeal, complaints as to the "appropriateness" of that order must be preserved in the trial court. *See id*. In *Mayer v. State*, the appellant, who had failed to object to the trial court's restitution order at trial, challenged the "factual basis" of that order for the first time on appeal. 309 S.W.3d 552, 554 (Tex. Crim. App. 2010). We observed that the appellant did "not challenge the propriety of assessing attorney's fees, but argue[d] . . . that a challenge to the factual basis of a restitution order . . . is a challenge to the sufficiency of the evidence regarding that order." *Id*. We held, "While this claim of evidentiary insufficiency differs somewhat from a claim of insufficient evidence of guilt," it is a "well-settled principle" that "no trial objection is required to preserve an appellate claim of insufficient evidence." *Id*. at

554, 556.[5] Although this Court has never expressly held that sufficiency challenges to a cumulation order need not be preserved for appeal, we have implicitly applied that standard by reviewing the merits of those complaints even when they were not preserved at trial. *See Mungaray v. State*, 188 S.W.3d 178, 183-84 (Tex. Crim. App. 2006) (deciding merits of appellant's challenge to sufficiency of evidence supporting cumulation order despite absence of trial objection to order); *Miller v. State*, 33 S.W.3d 257, 259 (Tex. Crim. App. 2000) (same); *Resanovich v. State*, 906 S.W.2d 40, 41 (Tex. Crim. App. 1995) (same).

The trial court cumulated appellant's sentences under the mandatory-cumulation provision in the Texas Health and Safety Code, but in the absence of the provision, the trial court had discretion to cumulate his sentences under the Texas Code of Criminal Procedure. *See* TEX. HEALTH & SAFETY CODE § 481.134(h); TEX. CODE CRIM. PROC. art. 42.08. In analyzing the sufficiency of discretionary-cumulation orders, this Court has routinely held that such orders must be "substantially and sufficiently specific to authorize the punishment sought to be imposed." *Williams v. State*, 675 S.W.2d 754, 764 (Tex. Crim. App. 1984) (internal quotation marks omitted). We have expressly required that the record contain some

---

[5] *See also Holz v. State*, 320 S.W.3d 344, 352 (Tex. Crim. App. 2010) (explaining that, although testimony could raise issues of admissibility or sufficiency, "[i]n this case the issue is the sufficiency of the evidence, because that is the issue raised by the appellant."); *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004) (observing that "[s]ometimes a claim of trial court evidentiary error and a claim of insufficient evidence overlap so much that it is hard to separate them."); *Lugo v. State*, 299 S.W.3d 445, 455 (Tex. App.—Fort Worth 2009, pet. ref'd) ("Our review of Lugo's brief indicates that he is challenging the sufficiency of the evidence to support one of the indictment's enhancement paragraphs, not the paragraph itself.").

evidence connecting the defendant with the prior convictions to cumulate the sentences. *See Turner v. State*, 733 S.W.2d 218, 221 (Tex. Crim. App. 1987).

We conclude that evidence-sufficiency review for mandatory-cumulation orders should be consistent with sufficiency review for permissive-cumulation orders in requiring that some evidence connect the defendant to the prior convictions that are to be cumulated. But sentences cumulated under mandatory-cumulation statutes have an additional evidentiary requirement. When sentences are mandatorily cumulated under the drug-free-zone statute, the criminal offenses reflected in the judgment must not be listed in the drug-free-zone statute. *See id*.; TEX. HEALTH & SAFETY CODE § 481.134.

Appellant's complaints challenge the sufficiency of the evidence supporting the mandatory-cumulation order by asserting that

- the State must prove that the punishment for the earlier conviction was actually increased and not merely that the punishment range was increased (appellant's third issue in his petition for discretionary review); and

- the State must prove that the current conviction was not a conviction under the drug-free-zone statute (appellant's fourth issue in his petition for discretionary review).

Because these complaints concern the sufficiency of the evidence supporting the order, they are not forfeited by appellant's failure to object at trial. The court of appeals erred by concluding that appellant's failure to object to the cumulation order forfeited his sufficiency complaint to the cumulation of the sentences. We sustain appellant's second issue.

### III. Statutory Analysis for Determining Sufficiency of Evidence

In his fourth issue, appellant asks, "Is a conviction for an offense listed in TEX. HEALTH & SAFETY CODE § 481.134 – but not alleged to have been committed in a drug-free zone – a 'conviction under any other criminal statute'?"

Although statutory-construction complaints generally may not be raised for the first time on appeal, appellate construction of a statute may be necessary to resolve an evidence-sufficiency complaint when alternative statutory interpretations would yield dissimilar outcomes. *See*, *e.g.*, *Ramos v. State*, 303 S.W.3d 302, 305 (Tex. Crim. App. 2009) (construing forgery statute in order to determine sufficiency of forgery evidence).[6] This is because an appellate court must determine what the evidence must show before that court can assess whether the evidence is sufficient to show it. *See id.*

In his brief on discretionary review, appellant argues that our holding in *Williams v. State,* 253 S.W.3d 673 (Tex. Crim. App. 2008), precludes application of the mandatory-cumulation provision in this case. In *Williams*, the appellant was charged, in three separate indictments, with delivery of cocaine in violation of Texas Health & Safety Code section 481.112(c). *Id*. at 674. One of the indictments alleged that the offense occurred in a drug-free zone under § 481.134(c). *Id*. He was convicted of all three charges, and the trial court

---

[6]     *See also Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005) (construing evading-arrest statute in order to address sufficiency of evidence of deadly weapon finding); *Thomas v. State*, 65 S.W.3d 38, 39 n.1 (Tex. Crim. App. 2001) (deciding whether court of appeals erred in evidence-sufficiency review by employing impermissibly restrictive definition of statutory term); *Bailey v. State*, 38 S.W.3d 157, 158 (Tex. Crim. App. 2001) (per curiam) (construing deadly weapon statute in deciding evidence-sufficiency issue).

ordered that the drug-free-zone sentence run consecutively to the other two sentences. *Id*. The

court of appeals affirmed. *Id*. Reversing the court of appeals, this Court held,

> It is apparent from the language of [the mandatory-cumulation provision] that a conviction for an offense listed anywhere within § 481.134 cannot run concurrently with a conviction for an offense under any *other* criminal statute. Just reading the statute under the auspices of common usage and grammar, "any other criminal statute" means a criminal statute not listed within § 481.134.

*Id.* at 678. We concluded that, because all of the appellant's convictions were actually

"listed" within the drug-free-zone statute in subsection (c),[7] the mandatory-cumulation

provision did not apply. *See id*.

Similarly, appellant's current conviction is for an offense under 481.115(d), which is

also "listed" within the drug-free-zone statute in subsection (c). *See* TEX. HEALTH & SAFETY

CODE §§ 481.115(d), 481.134(c). His current conviction, therefore, does not implicate the

mandatory-cumulation provision so as to require cumulation of his sentence with his prior

drug-free-zone sentence. *See id.* § 481.134(h). The court of appeals misconstrued *Williams*

as requiring that the conviction be "based upon" section 481.134 rather than merely listed

within that statute. *See Moore*, 339 S.W.3d at 368. It concluded that, because "appellant was

facing sentencing for an offense other than a drug offense committed in a drug-free zone,"

---

[7]    Texas Health & Safety Code section 481.134(c) provides, in relevant part, "The minimum term of confinement or imprisonment for an offense otherwise punishable under Section 481.112(c), (d), (e), or (f), 481.113(c), (d), or (e), 481.114(c), (d), or (e), 481.115(c)–(f), 481.116(c), (d), or (e), 481.1161(b)(4), (5), or (6), 481.117(c), (d), or (e), 481.118(c), (d), or (e), 481.120(b)(4), (5), or (6), or 481.121(b)(4), (5), or (6) is increased" if committed in a drug-free zone. TEX. HEALTH & SAFETY CODE § 481.134(c).

the mandatory-cumulation provision applied. *Id.* This was not the holding of *Williams* and is contrary to the plain language of the statute, which refers to "an offense listed under this section[.]" *See* TEX. HEALTH & SAFETY CODE § 481.134(h); *Boykin v. State*, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991). We, therefore, conclude that the trial court erred in cumulating the sentences under the mandatory-cumulation provision in this case.

### IV. Trial Court's Discretion to Cumulate in Absence of Mandatory-Cumulation Provision

The State argues that, "even if section 481.134(h) was held to not require cumulative sentencing in this situation, the trial court had discretion to cumulate the sentences," citing Texas Code of Criminal Procedure article 42.08(a). *See* TEX. CODE CRIM. PROC. art 42.08(a).[8] We have long held that "[w]here the court does not order that two or more sentences in different prosecutions shall be cumulative as permitted by Article 42.08 [], the terms of imprisonment automatically run concurrently." *Ex parte Reynolds*, 462 S.W.2d 605, 606 n.1 (Tex. Crim. App. 1970).[9] Because a sentence begins to run at the time it is pronounced, a trial court may not add a cumulation order onto a sentence once it has pronounced a sentence that did not include cumulation. *See* TEX. CODE CRIM. PROC. art.

---

[8] There was no discussion in *Williams* as to whether the mandatory-cumulation provision was the sole basis of the trial court's cumulation order because, after this Court determined that the mandatory-cumulation provision did not apply, it determined that another statute did apply that required concurrent sentencing in that case. *See Williams v. State,* 253 S.W.3d 673, 678 (Tex. Crim. App. 2008). That statute is inapplicable to the present case.

[9] *See also Ex parte Knipp*, 236 S.W.3d 214, 215 n.2 (Tex. Crim. App. 2007); *Ex parte Hernandez*, 758 S.W.2d 594, 596 (Tex. Crim. App. 1988); *Ex parte Sadler*, 283 S.W.2d 236-37 (Tex. Crim. App. 1955).

42.09, § 1; *Ex parte Voelkel*, 517 S.W.2d 291, 292 (Tex. Crim. App. 1975). Therefore, if the trial court intends to exercise its statutory discretion to cumulate, it must do so "at the time of pronouncement of the subsequent sentence or not at all." *Ex parte Vasquez*, 712 S.W.2d 754, 755 n.2 (Tex. Crim. App. 1986).[10]

The record is clear in this case that the trial court did not intend to cumulate appellant's sentences absent application of the mandatory-cumulation provision. At the close of formal sentencing, the trial judge pronounced appellant's sentence for the present conviction and did not mention the prior sentence. He then stated, "I now remand you to the custody of the [sheriff] to begin serving your sentence. The Court is in recess." The prosecutor immediately reminded the trial court of the State's motion to cumulate:

> Prosecutor: Judge, if I may. May I inquire as to the State's motion? Do you have a ruling for us on . . . the motion on cumulative sentence, Judge.
>
> Court: Oh, I'm sorry.
> Yes. As part of the sentence, your 50-year sentence will only begin to be served after the conclusion of the prior sentence . . .

---

[10] We have explained the rationale for this rule:

[T]he imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. Once he leaves the courtroom, the defendant begins serving the sentence imposed. Thus, "it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith."

*Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (quoting *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)).

The parties and the trial judge briefly discussed the details of the prior conviction and, once the judge confirmed that it was a "mandatory stack" drug-free-zone conviction, he stated, "[I]t is the ruling of this Court that you will only begin to serve the sentence in this case after you've completed the sentence in 55,555-E, which was determined out of this Court earlier last year."

In the absence of that last-minute alteration, appellant's sentences would have run concurrently. *See Reynolds*, 462 S.W.2d at 606. Had the State not reurged its motion and the proceedings ended, the judge could not have entered a written judgment cumulating the sentences thereafter.[11] *See Vasquez*, 712 S.W.2d at 755; *Voelkel*, 517 S.W.2d at 292. Because the evidence is insufficient to support the mandatory-cumulation order, that order must be deleted from the judgment in this case. *See Turner*, 733 S.W.2d at 221; *Beedy v. State*, 250 S.W.3d 107, 113 (Tex. Crim. App. 2008). In the absence of that order, the sentences will necessarily run concurrently. *See Reynolds*, 462 S.W.2d at 606.

Because the trial court abused its discretion in cumulating appellant's sentences, the court of appeals erred in affirming the cumulation order. Appellant's fourth issue is sustained. Because we grant relief on that issue, we need not decide appellant's remaining

---

[11] We note, however, that in a case in which the record fails to plainly reveal that the trial court did not intend to cumulate the sentences absent application of the mandatory-cumulation provision, remand may be appropriate to enable the trial court to exercise its discretion to cumulate as permitted under Article 42.08. *See* Tex. Code Crim. Proc. art. 42.08; *see also Beedy v. State*, 250 S.W.3d 107, 114 (Tex. Crim. App. 2008); *Bell v. State*, 994 S.W.2d 173, 175 (Tex. Crim. App. 1999). Because that situation is not presently before us, we merely recognize the possibility of remand without deciding its propriety under those circumstances.

issues.

## V.  Conclusion

We modify the judgment of the court of appeals to delete the cumulation order and, therefore, appellant's sentences will run concurrently. We affirm the judgment as modified.


Delivered:   June 20, 2012

Publish