NO. 07-12-0245-CV
NO. 07-12-0246-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 31, 2013

_____

RICKY MEALS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NOS. A18159-0910, A18160-0910; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In these civil appeals, Appellant, Ricky Meals, an inmate proceeding *pro se* and *in forma pauperis*, challenges the trial court's order of May 25, 2012, denying his motion to vacate an order to withdraw funds entered pursuant to section 501.014(e) of the Texas Government Code. According to the limited documents filed in these appeals, on January 14, 2010, pursuant to pleas of guilty, Appellant was convicted of evading

arrest/detention with a vehicle[1] in cause number A18159-0910[2] and of possession of a controlled substance[3] in cause number A18160-0910.[4] The summary portion of the judgment in cause number A18159-0910 reflects a fine of $500, court costs of $320 and court-appointed attorney's fees of $3,925. The summary portion of the judgment in cause number A18160-0910 reflects a fine of $500 and court costs of $335.

The trial court subsequently signed orders to withdraw funds from Appellant's inmate account in the total sum of $5,580.[5] On May 25, 2012, Appellant filed a motion to offset reimbursement of attorney's fees in each case,[6] which the trial court denied. Appellant then filed a motion to vacate the order to withdraw funds which the trial court also denied. Appellant now appeals the denial of that motion under both cause

[1] TEX. PENAL CODE ANN. § 38.04(b-1) (WEST SUPP. 2012).

[2] Appellate Cause Number 07-12-0245-CV.

[3] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (WEST 2010).

[4] Appellate Cause Number 07-12-0246-CV.

[5] In *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009), the Texas Supreme Court held that a withdrawal order directing prison officials to withdraw money from an inmate account pursuant to section 501.014(e) does not violate due process and is, therefore, constitutional when the inmate has "received some measure of due process." *Id.* at 320. In determining whether Harrell was accorded constitutional due process, the Court concluded that because Harrell had received notice of the withdrawal (a copy of the withdrawal notification) and an opportunity to contest the dollar amount and statutory basis of the withdrawal (a motion to rescind or modify the withdrawal notification), he received all that due process required. *Id.* at 321. The Court also added that neither notice nor an opportunity to be heard need occur before the issuance of a withdrawal notification. *Id.* This Court has interpreted *Harrell* as saying that due process requires that an inmate have an opportunity to contest the dollar amount and statutory basis of the withdrawal by way of a motion to modify, correct or rescind the withdrawal notification. *See Snelson v. State*, 326 S.W.3d 754, 756 (Tex.App.--Amarillo 2010, no pet.); *Williams v. State*, 322 S.W.3d 301 (Tex.App.--Amarillo 2010, no pet.); and *Bryant v. State*, No. 07-10-00358-CV, 2010 Tex. App. LEXIS 8059, at *4-5 (Tex.App.--Amarillo Oct. 5, 2010, no pet.) (mem. op.). By initiating that process, Appellant invoked the jurisdiction of the trial court to resolve that dispute. In *Harrell* the Texas Supreme Court determined that such proceedings were civil in nature. *Id.* at 318.

[6] In his motion, Appellant relied on article 26.05(g) of the Texas Code of Criminal Procedure and *Moore v. State*, 339 S.W.3d 365, 371 (Tex.App.—Amarillo 2011), *modified by* 371 S.W.3d 221 (Tex.Crim.App. 2012), in support of his argument that there was no evidence he had the ability to repay court-appointed attorney's fees.

numbers.  Presenting two issues, Appellant questions whether the trial court (1) abused its discretion in denying his motion to offset reimbursement of court-appointed attorney's fees and (2) erred in failing to file findings in support of the order which he contends denied him his due process rights.  The State did not favor us with a brief.  We modify and affirm the trial court's withdrawal orders.

By his first issue, Appellant relies on *Mayer v. State*, 309 S.W.3d 552 (Tex.Crim.App. 2010), and *Perez v. State*, 323 S.W.3d 298, 307 (Tex.App.--Amarillo 2010, pet. ref'd), in support of his argument that there is no evidence to support repayment of court-appointed attorney's fees.  We agree.

### STANDARD OF REVIEW

We review a trial court's decision whether to grant or deny a challenge to a withdrawal order under an abuse of discretion standard.  *Williams v. State*, 332 S.W.3d 694, 698 (Tex.App.--Amarillo 2011, pet. denied).  A trial court abuses its discretion when it acts "without reference to any guiding rules and principles."  *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)); *Howell v. State*, 175 S.W.3d 786, 792 (Tex.Crim.App. 2005); *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990).  Furthermore, a trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law."  *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985).

3

Once a criminal defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings unless a material change in a defendant's financial resources occurs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (WEST SUPP. 2012). Furthermore, it is well established that in order to assess attorney's fees, a trial court must determine that the defendant has the financial resources that enable him to offset in part or in whole the costs of legal services provided. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (WEST SUPP. 2012). *See also Mayer v. State*, 309 S.W.3d at 555-56. Additionally, the record must reflect some factual basis to support the trial court's determination. *See Barrera v. State*, 291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.); *Perez v. State*, 280 S.W.3d 886, 887 (Tex.App.--Amarillo 2009, no pet.).

Here, the limited documents filed reflect the trial court appointed counsel to represent Appellant. Thus, at the time of his plea, he was indigent and unable to pay attorney's fees. Notwithstanding the fact that attorney's fees were awarded following a plea bargain, it was still necessary to prove his actual ability to pay at the time of the judgment or order at issue. Because there is no evidence in the limited record before us of a change in Appellant's financial resources that would enable him to offset in part or in whole the costs of legal services provided, we conclude the trial court's order to withdraw funds for repayment of attorney's fees is improper. Because no objection is required to challenge the sufficiency of the evidence regarding a defendant's ability to pay, *Mayer*, 309 S.W.3d at 555-56, and since there is no evidence to support the order

4

for Appellant to pay attorney's fees in trial court cause number A18159-0910, the proper remedy is to delete $3,925 from that withdrawal order.

Appellant also complains of assessment of the fine of $500 and court costs of $320 in cause number A18159-0910, and the fine of $500 and court costs of $335 in cause number A181160-0910. A fine is punitive and intended to be part of a convicted defendant's sentence. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex.Crim.App. 2011). Thus, it is properly collectible by means of a withdrawal order regardless of a defendant's ability to pay. *See Williams*, 332 S.W.3d at 700. Legislatively mandated fees are also collectible regardless of ability to pay. *Id.* Accordingly, we conclude Appellant is responsible for payment of his fines and court costs and that they properly collectible by means of a withdrawal order. Issue one is sustained insofar as it relates to court-appointed attorney's fees and overruled on the issue of the fines and court costs. Our disposition of Appellant's first issue pretermits consideration of the merits of his second issue.

## CONCLUSION

The trial court's withdrawal order in cause number A18159-0910 is modified to provide for deletion of $3,925, which represents the amount of court-appointed attorney's fees assessed against Appellant, and is otherwise affirmed as modified. The trial court's withdrawal order in cause number A18160-0910 is affirmed. The trial court clerk is ordered to prepare and file a corrected *Order to Withdraw Funds* in cause

5

number A18159-0910.  We further order that a copy of the corrected withdrawal order

be delivered to the Texas Department of Criminal Justice.


Patrick A. Pirtle
Justice