# NO. 12-13-00367-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUSTIN DAVIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Justin Davis appeals his conviction for aggravated assault with a deadly weapon, for which he was sentenced to imprisonment for twelve years. Appellant raises three issues challenging the legal sufficiency of the evidence supporting the conviction, the trial court's denial of his motion for directed verdict, and the trial court's admission of evidence regarding his use of synthetic marijuana or K2 around the time of the offense. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon. He pleaded "not guilty," and the matter proceeded to a jury trial.

The evidence showed that on the night of the offense, Appellant was at home with his wife, Ladarell Davis; her sister, Holly Whitehead; the couple's three children; and Holly's child. Appellant left and came back an hour or two later intoxicated and confused. Holly went outside to borrow Appellant's car and noticed that the car was damaged. Appellant was unaware of the damage or how it happened. Ladarell instructed Holly to hide the keys so that Appellant could not leave again.

Appellant began getting ready for work, even though it was evening and he did not have to be at work until morning. He asked Ladarell for the car keys, and she said that she did not

have them.  He began going back and forth through the house looking for the car keys.  Ladarell put the two older children to bed and then found Appellant in the bathroom smoking K2.  He began looking for the keys again, repeatedly yelling at Ladarell and Holly for them.  Appellant stated, "If I don't find the keys, I'm going to go crazy."  He then started grabbing steak knives from a block in the kitchen.  He threw two steak knives at the kitchen wall and one into the living room where Ladarell was standing and holding their two-year-old daughter.  The two women left the house with the two younger children and called 911.

When the police arrived, Appellant refused to allow them to check on the welfare of the two children remaining inside the house.  He threatened to shoot the officers if they came inside.  The Smith County SWAT team was then called to assist.  The police obtained search and arrest warrants and took Appellant into custody several hours later.

Prior to trial, Ladarell executed an affidavit of nonprosecution and refused to speak with prosecutors about the case.  Ultimately, the jury found Appellant "guilty" as charged. The matter proceeded to a trial on punishment, after which the jury assessed Appellant's punishment at imprisonment for twelve years.  The trial court sentenced Appellant accordingly, and this appeal followed.

**EVIDENTIARY SUFFICIENCY**

In his first issue, Appellant argues that the evidence is legally insufficient to support his conviction of the offense in the indictment, which alleges that he intentionally or knowingly threatened his wife, Ladarell Davis, with imminent bodily injury by throwing a knife at her. Specifically, he argues that there is insufficient evidence that Ladarell was threatened.

In his second issue, Appellant contends that the trial court erred in denying his motion for directed verdict because there is insufficient evidence that Ladarell was threatened.  We address Appellant's first and second issues together as a challenge to the legal sufficiency of the evidence that Ladarell was threatened.  *See Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003).

**Standard of Review and Applicable Law**

In reviewing the sufficiency of the evidence, the appellate court must determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99

2

S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Considering the evidence "in the light most favorable to the verdict" under this standard requires the reviewing court to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume— even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can alone be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

To satisfy the elements of aggravated assault with a deadly weapon in this case, the State was required to prove that Appellant intentionally or knowingly threatened Ladarell Davis with imminent bodily injury by throwing a knife at her, and that in the manner of Appellant's use of the knife, it was capable of causing death or serious bodily injury. *See* TEX. PENAL CODE ANN. §§ 1.07(a)(17)(B) (West Supp. 2014), 22.02 (West 2011).

**Analysis**

To support his insufficiency argument, Appellant relies on certain testimony of Ladarell Davis and her sister. Specifically, he relies on their testimony that they saw a knife go past Ladarell but did not see Appellant throw the knife. They further testified that they did not know whether he threw the knife at Ladarell or only toward her. Ladarell testified that she was not threatened by the act. However, this testimony was disputed by evidence in the record.

Keven Fite of Smith County SWAT testified that he spoke with Ladarell at the scene and that she told him Appellant had thrown the knife at her. He further testified that while he was preparing the warrants, he had another officer ask Ladarell if she had been in fear when the knife was thrown. The officer informed Fite that her answer was "yes," and that the reason was because Appellant had stated that he was going to "go crazy."

Once Appellant was in custody, Ladarell pointed out items of evidence to police while they searched the home. She pointed out a particular knife and said that it was the one Appellant had thrown at her. Fite asked her to demonstrate the act. She showed him where she and

3

Appellant had been standing and said that when the knife was thrown at her, she made an evasive move and the knife went past her head and out the front door.

Additionally, Ladarell and her sister testified that they left the house and called 911 immediately after the knife was thrown. On the recorded 911 call, Holly said that Appellant was throwing knives at them. Ladarell stated on the phone call that she was scared. They also talked about walking down the road and going where Appellant could not see them. The jury could have reasonably inferred from all of this evidence that Ladarell was threatened.

Even if Ladarell did not see Appellant throw the knife, the State could have met its burden to show that she was threatened. There is no statutory requirement that a victim must instantaneously perceive or receive the threat of imminent bodily injury as the actor is performing it. *Olivas v. State*, 203 S.W.3d 341, 350 (Tex. Crim. App. 2006). In *Olivas*, the court of criminal appeals upheld an aggravated assault by threat conviction where the appellant had fired a gun at the victim's vehicle. The victim was unaware that the appellant was shooting until she pulled over and saw the bullet holes, at which time she was placed in great fear. Likewise, even if Ladarell did not see Appellant throw the knife, she could have been placed in fear when she saw it go past her.

Based on our review of the entire record, we conclude that a rational trier of fact could have found Appellant guilty beyond a reasonable doubt. The jury was not required to believe Ladarell's testimony that she was not threatened, and sufficient other evidence in the record tends to prove that she was. *See Brooks*, 323 S.W.3d at 899; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2793. We therefore hold that the evidence is sufficient to support the jury's verdict. Appellant's first and second issues are overruled.

## ADMISSIBILITY OF EVIDENCE

In his third issue, Appellant argues that the trial court erred in allowing the State to introduce evidence of his K2 use because the purported K2 the police found during the search was not tested, and because no evidence was introduced regarding the nature of K2 or the effects of its use. We construe this argument as a challenge to the relevancy of the evidence.

Appellant further argues that the evidence of his K2 use was inadmissible under Texas Rules of Evidence 403 and 404.

## Standard of Review and Applicable Law

An appellate court reviews a trial court's decision to admit evidence under an abuse of discretion standard. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). An appellate court will not reverse a trial court's ruling admitting evidence unless that ruling falls outside the zone of reasonable disagreement. *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).

Relevant evidence is generally admissible, whereas evidence that is not relevant is not admissible. TEX. R. EVID. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Relevant evidence may support an elemental fact or an evidentiary fact that inferentially leads to an elemental fact. *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990).

Even if it is relevant, "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). Evidence of other crimes, wrongs, or acts "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* This list is illustrative, not exhaustive. *Berry v. State*, 233 S.W.3d 847, 858 (Tex. Crim. App. 2007).

Relevant evidence may also be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. Thus, even extraneous act evidence that is relevant for a noncharacter conformity purpose may still be inadmissible.

As a threshold issue, challenges to the propriety of court rulings must be preserved for appeal. *Moore v. State*, 371 S.W.3d 221, 225 (Tex. Crim. App. 2012). Failure to present a timely and specific request, objection, or motion to the trial court for a ruling results in waiver or forfeiture of the right to present the claim on appeal. *See* TEX. R. APP. P. 33.1; *Mendez v. State*, 138 S.W.3d 334, 341-42 (Tex. Crim. App. 2004). A complaint is timely if it is made as soon as the ground of objection becomes apparent. *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). An issue on appeal must comport with the objection made at trial; i.e., an objection stating one legal basis may not be used to support a different legal theory on appeal. *See Clark v.*

5

*State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Thus, when an appellant's trial objection does not comport with his argument on appeal, he has forfeited his right to raise the issue. *See Clark*, 365 S.W.3d at 339; *Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996).

Once a trial court has ruled that evidence is relevant, the opponent of the evidence must make a separate objection to raise unfair prejudice under Rule 403 to preserve such error. *Bell v. State*, 938 S.W.2d 35, 49 (Tex. Crim. App. 1996). Likewise, a separate objection must be made to preserve error under Rule 404. *Camacho v. State*, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993).

**Analysis**

At trial, the State presented a package labeled "Gorilla Dro K2" to a police officer who testified that the package had been found in the children's bathroom during the search of the home.[1] When the State asked the officer what Gorilla Dro was, defense counsel objected on the ground that the officer lacked personal knowledge. The trial court sustained the objection. After questioning the officer regarding his personal knowledge of K2, the State withdrew the question about the nature of the substance and offered the package and contents into evidence. Defense counsel objected as to relevance, noting that there was no testimony regarding what the contents of the package were. The State proffered as reasons for the package's relevance that it was found during the search in the bathroom where Holly said Appellant was smoking K2, and that it supported testimony regarding his intoxicated state. The trial court overruled the objection and admitted the evidence.

Defense counsel's sole basis for objecting to the admissibility of the package was relevance. Because Appellant failed to make separate Rule 403 and Rule 404 objections to the admission of the substance, he did not preserve error on these issues. *See Bell*, 938 S.W.2d at 49; *Camacho*, 864 S.W.2d at 533.

We must give great deference to the trial court in decisions on relevancy, especially when the decision involves the trial judge's common observations and experiences. *Saxer v. State*, 115 S.W.3d 765, 777 (Tex. App.—Beaumont 2003, pet. ref'd). Although the contents of the package were not tested, Ladarell testified that she had seen packages of K2 around the house and that she recognized the exhibit as a package of K2. The presence of the contents at the scene

---

[1] From the record, it appears that this label was on the package at the time the police found it.

has some tendency to make more probable the facts that Appellant was smoking K2 just prior to the offense, as witnesses testified, and that he was intoxicated at the time of the offense. Consequently, their presence makes more probable the facts that Ladarell and Holly hid the keys to keep Appellant from leaving in an intoxicated state, and that he intended to threaten Ladarell into giving him the keys by throwing the knife at her. Accordingly, we conclude that the trial court did not abuse its discretion by admitting the package and its contents. *See id.* at 779 (trial court did not err in admitting evidence of defendant's methamphetamine use prior to murder despite lack of evidence regarding its effects).

Appellant also complains of the trial court's admission of testimony that Appellant was smoking K2 in the children's bathroom shortly before he threw the knives. Defense counsel did not object to this testimony. Thus, Appellant did not preserve error on this issue. *See Moore v. State*, 371 S.W.3d at 225; *Bell*, 938 S.W.2d at 49; *Camacho*, 864 S.W.2d at 533.

Accordingly, we overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 30, 2015**

**NO. 12-13-00367-CR**

**JUSTIN DAVIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0653-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*