

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00032-CR

_____

DEVON RAY DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 22886

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

After Devon Ray Davis was charged with robbery wherein (with enhancements) he faced a possible sentence of incarceration for a minimum of twenty-five years' to a maximum of life imprisonment, he entered into a negotiated plea agreement. Under that plea agreement, a judgment was entered October 10, 2005, wherein Davis was assessed a fine of $500.00 and was placed on deferred adjudication community supervision for a period of ten years, the terms of which included participation in the Substance Abuse Felony Punishment (SAFP) Program and an obligation to pay court costs. Davis' community supervision did not go smoothly. After there were multiple subsequent motions to revoke his community supervision filed and amendments to the terms thereof were made, a hearing on the latest motion to revoke was conducted December 16, 2014.

At the final hearing on the last motion to revoke Davis' community supervision, the trial court announced, "Therefore, I find that to be a violent crime which deserves sixty years imprisonment. So the judgment will be for sixty years . . . ."

However, the written judgment of conviction not only imposed the sixty-year sentence announced by the trial court in open court, it also ordered Davis to pay a total of $2,337.00 ($1,970.00 typed in with "+ $376.00" added by hand) in attorney fees, together with $122.00 in urinalysis fees.[1]

Davis has filed an appeal wherein he complains solely about the imposition of attorney fees and the urinalysis fees. In one point of error, Davis claims that the trial court erred in the imposition of these expenses and fees because the orally pronounced sentence varied from the

---

[1]The judgment and Davis' brief use the shorthand of "UA fees."

sentence as contained in the written judgment. In his second point of error, Davis claims that the trial court erred in the imposition of those charges and fees because the trial court failed to make an effort to ascertain the ability of Davis to pay them.

The State concurs with Davis that it was error for the trial court to have imposed attorney fees of appointed counsel "after failing to make such an oral announcement during sentencing." The State admits the well-settled rule that if an oral pronouncement of a sentence varies from the written judgment, the oral announcement prevails. In other words, "'it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith.'" *Moore v. State*, 371 S.W.3d 221 (Tex. Crim. App. 2012) (quoting *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)).

However, although the State agrees that it was error for the judgment to have purported to impose an obligation to pay attorney fees, it does not agree that the urinalysis testing fee was assessed as costs in error.

Testimony established that the conduct of urinalysis tests was done at the direction of the entity monitoring Davis' community supervision, something the terms of community supervision permitted. The administration of such tests as a condition of community supervision is statutorily authorized. TEX. GOV'T CODE ANN. § 76.011(b) (West Supp. 2014). Further, the costs incurred in the administration of Davis' community supervision are appropriately assessed as costs of court. "[T]he court may order the defendant to pay or reimburse a community supervision and corrections department for any other expense that is . . . incurred as a result of the defendant's participation in the pretrial intervention program." TEX. CODE CRIM. PROC. ANN. art. 102.012(b)(1) (West Supp.

3

2014). Fees which are legislatively mandated do not need to be included in an oral pronouncement of the sentence being imposed. *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied).

> Court costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective. *See Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). This is because court costs do not "alter the range of punishment to which the defendant is subject, or the number of years assessed" and, thus, are not part of the sentence. *Id.* at 367. Instead, court costs are compensatory in nature; that is, they are "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Id.* at 366 (quotations omitted).

*Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011).

Davis complains that the trial court assessed the court costs against him without any inquiry as to his ability to pay them. While such an inquiry is required as to attorney fees assessed as court costs, we have already mentioned that the other court costs assessed against Davis are prescribed by statute. It is not necessary for a trial court to inquire about the financial status of a defendant when assessing such fees as costs of court. *Williams*, 332 S.W.3d at 700. Unlike attorney fees, the statute governing court costs does not contain similar language conditioning imposition of costs of court on the defendant's ability to pay. Instead, the Government Code simply states that "[a] person convicted of an offense shall pay the following" court costs; no reference is made in the statute to the defendant's ability to pay the specified costs. TEX. GOV'T CODE ANN. § 102.021 (West Supp. 2014).

We note that appellate courts possess "the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 293

4

(Tex. App.—Waco 2014, pet. struck).  Accordingly, we modify the judgment of conviction to delete the assessment of $2,337.00 in attorney fees.

We affirm the judgment of the trial court, as modified.


Bailey C. Moseley
Justice

Date Submitted:     July 27, 2015
Date Decided:       August 4, 2015

Do Not Publish