# NOS. 12-18-00276-CR
## 12-18-00277-CR
## 12-18-00278-CR
## 12-18-00279-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BENJAMIN FRANKLIN MCDONALD, JR., APPELLANT* | *§* | *APPEALS FROM THE 8TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | *§* | *RAINS COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Benjamin Franklin McDonald, Jr. appeals his two convictions for aggravated sexual assault of a child and two convictions for indecency with a child. In two issues, he complains the trial court abused its discretion in admitting certain evidence. We affirm.

### BACKGROUND

Appellant was indicted for two counts of aggravated sexual assault of a child and two counts of indecency with a child for acts alleged to have been committed against two brothers, a four year old and a three year old, in October 2016 in Rains County, Texas. Appellant pleaded "not guilty" and the cases proceeded to a jury trial.

At trial, the evidence showed that the victims lived with their mother, grandmother, and great uncle in a home in Point, Texas during the relevant time frame. Appellant lived in a travel trailer behind the home of the mother's aunt. The State alleged that Appellant sexually assaulted the boys while they were in the care of the mother's aunt.

Appellant stipulated to a prior conviction for aggravated sexual assault of a child.  Pursuant to Article 38.37 of the code of criminal procedure, the State sought to call the victim in the prior case to testify about the acts Appellant committed against her.[1]  Appellant objected to the prior victim's testimony under Rule of Evidence 403, arguing that the probative value of her testimony was outweighed by the danger of unfair prejudice.[2]  After a hearing outside the jury's presence, the trial court found the prior victim's testimony to be admissible.

Appellant called several witnesses during his case in chief, all of whom testified that Appellant was of good character and had a good reputation for truthfulness. In rebuttal, the State offered a handwritten letter from Appellant to the District Attorney of McLennan County, Texas. In the letter, Appellant confessed to abusing the prior victim and two other children, as well as being unable to control his impulses to sexually assault children.  Appellant objected to the letter, arguing that it had not been properly authenticated.  The trial court overruled Appellant's objection and admitted the letter.

The State called the victims' counselor, Ginger Brooks.  Prior to her testimony, the trial court held a hearing outside the jury's presence to determine if the victims' statements to Brooks, describing being sexually assaulted by Appellant, qualified as statements made for the purposes of medical treatment, an exception to the hearsay rule.[3]  Appellant objected to Brooks's testimony on grounds that the State failed to show that the victims understood the need to be truthful in their statements to Brooks, a requirement for the statements to qualify under the hearsay exception.  The court overruled Appellant's objection and allowed Brooks to testify to statements the victims made to her during treatment.  During her testimony, Brooks stated that she believed the victims were telling the truth about the sexual assaults.

At the conclusion of the trial, the jury found Appellant "guilty."  The trial court sentenced Appellant to imprisonment for life. [4]  This appeal followed.

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 Sec. 2(b) (West 2018).

[2]  *See* TEX. R. EVID. 403.

[3] *See generally* TEX. R. EVID. 801; 802; 803(4).

[4] Because Appellant has a prior conviction for aggravated sexual assault, he was subject to a mandatory life sentence upon conviction.  *See* TEX. PENAL CODE ANN. § 12.42(c)(2)(A)(i); (B)(ii) (West 2019).

In Appellant's first issue, he complains that the trial court abused its discretion in admitting the letter written by Appellant. In his second issue, Appellant complains that the trial court abused its discretion by allowing Brooks to testify that she believed the victims were truthful in their statements to her about Appellant. The State argues that Appellant failed to preserve any complaints about the admission of the letter or Brooks's testimony.

## Applicable Law

Error preservation is a threshold issue because challenges to the propriety of trial court rulings must be preserved for appeal. *Moore v. State*, 371 S.W.3d 221, 225 (Tex. Crim. App. 2012); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) (holding that error preservation is "systemic requirement"). Failure to present a timely and specific request, objection, or motion to the trial court for a ruling results in forfeiture of the right to present the claim on appeal. *See* TEX. R. APP. P. 33.1; *Mendez v. State*, 138 S.W.3d 334, 341–42 (Tex. Crim. App. 2004). The requirement that complaints be raised in the trial court (1) ensures that the trial court will have an opportunity to prevent or correct errors, thereby eliminating the need for a costly and time-consuming appeal and retrial; (2) guarantees that opposing counsel will have a fair opportunity to respond to complaints; and (3) promotes the orderly and effective presentation of the case to the trier of fact. *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006); *Stinecipher v. State*, 438 S.W.3d 155, 159 (Tex. App.—Tyler 2014, no pet.).

In determining whether an objection is sufficiently clear to provide an opportunity to correct the purported error, the appellate court should consider the context in which the complaint was made and the parties' understanding of the complaint at the time. *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009). Moreover, an issue on appeal must comport with the objection made at trial, i.e., an objection stating one legal basis may not be used to support a different legal theory on appeal. *See Clark v. State*, 365 S.W.3d 333, 339-40 (Tex. Crim. App. 2012); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). When an appellant's trial objection does not comport with his argument on appeal, he forfeits his right to raise the issue. *See Clark*, 365 S.W.3d at 339-40; *Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996).

## Discussion

In his first issue, Appellant complains that the trial court abused its discretion by admitting the letter because (1) the trial court did not conduct a hearing outside the presence of the jury prior

to admitting the letter; (2) the probative value of the letter was outweighed by its danger of unfair prejudice; (3) the trial court did not give a limiting instruction when the letter was introduced; and (4) Appellant was not given an opportunity to give limited testimony about the authenticity of the letter.

A review of the record shows that the State offered the letter through Darren Renshaw, a Rains County Sheriff's Deputy. Renshaw testified he compared the signature on the letter with Appellant's signature on other documents, and believed them to be similar. Further, Renshaw testified that the contents of the letter referenced details in Appellant's prior case. When the State offered the letter into evidence, Appellant objected that Renshaw was not qualified to testify that the signatures were similar and had no personal knowledge of the authenticity of the letter. Appellant made no reference to Rule 403 or the prejudicial nature of the letter, and did not request a hearing outside the jury's presence, a limiting instruction, or to testify for the limited purpose of disputing the letter's authenticity.

In Appellant's second issue, he complains that the trial court abused its discretion by admitting Brooks's testimony that she believed the victims were telling the truth because expert testimony that decides an issue of ultimate fact for the jury, such as a direct opinion on the truthfulness of a child victim, is not admissible. *See Yount v. State*, 872 S.W.2d 706, 708 (Tex. Crim. App. 1993). A review of the record shows that, prior to Brooks's testimony, the trial court held a hearing outside the jury's presence to determine whether the victims' statements to Brooks would be admissible under the medical care exception to the hearsay rule. *See* TEX. R. EVID. 803(4) (excluding a statement made for medical diagnosis or treatment from the rule against hearsay). At issue was whether the victims were aware of and competent to appreciate the importance of truthfulness in their statements to Brooks. *See Taylor v. State*, 268 S.W.3d 571, 590 (Tex. Crim. App. 2008) (party offering child declarant's statement to mental health professional must show that truth telling was vital to treatment and it was "readily apparent" that child declarant was aware of need to be truthful). During the hearing, Appellant objected to Brooks's testimony on grounds that the State failed to show the victims were aware of the need to be truthful in their statements to Brooks. The trial court overruled this objection and allowed Brooks to testify before the jury. Appellant made no objection to the impropriety of Brooks testifying to an ultimate issue, bolstering, or any other objection that could be remotely construed to comport with the argument he now makes on appeal.

4

While "hyper-technical or formalistic use of words or phrases" is not required for an objection to preserve error, the objecting party must still "let the trial judge know what he wants, why he thinks he is entitled to it, and do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Clark*, 365 S.W.3d at 339 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). Here, as demonstrated above, Appellant failed to present to the trial court the complaints he now seeks to raise on appeal. *See Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) ("We have consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence."); *Delgado v. State*, 235 S.W.3d 244, 254 (Tex. Crim. App. 2007) (trial judge has no duty to give limiting instruction if not requested at the time evidence offered); *Cf. Coble v. State*, 330 S.W.3d 253, 273 (Tex. Crim. App. 2010) (trial court must conduct a hearing outside presence of jury to determine reliability of scientific evidence "upon request"); *see also Uribe v. State*, No. 14-02-00097-CR, 2003 WL 1986975, at *2 (Tex. App.—Houston [14th Dist.] May 1, 2003, pet. ref'd) (mem. op., not designated for publication) (objection to speculation insufficient to preserve complaint that psychiatrist improperly commented on victim's truthfulness). Because his appellate arguments do not remotely comport with his trial objections, Appellant has not preserved his complaints about the trial court's admission of the letter or Brooks's testimony for appellate review. *See* TEX. R. APP. P. 33.1 (a); *see also Clark*, 365 S.W.3d at 339. We overrule Appellant's first and second issues.

## DISPOSITION

Having concluded that Appellant failed to preserve either of his issues for appellate review, we *affirm* the trial court's judgments.

**GREG NEELEY**
Justice

Opinion delivered June 28, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 28, 2019**

**NO. 12-18-00276-CR**

**BENJAMIN FRANKLIN MCDONALD, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 8th District Court

of Rains County, Texas (Tr.Ct.No. 5761)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed,** and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 28, 2019

NO. 12-18-00277-CR

**BENJAMIN FRANKLIN MCDONALD, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 8th District Court

of Rains County, Texas (Tr.Ct.No. 5819)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed,** and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 28, 2019**

**NO. 12-18-00278-CR**

**BENJAMIN FRANKLIN MCDONALD, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 8th District Court
of Rains County, Texas (Tr.Ct.No. 5820)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed,** and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 28, 2019

NO. 12-18-00279-CR

**BENJAMIN FRANKLIN MCDONALD, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 8th District Court

of Rains County, Texas (Tr.Ct.No. 5821)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed,** and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*